TITLE GUARANTY & SURETY COMPANY *v.* UNITED STATES, TO THE USE OF HARLAN & HOLLINGSWORTH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF PENNSYLVANIA.

No. 530. Submitted April 28, 1913.—Decided May 12, 1913.

As the act of August 13, 1894, relative to contractors' bonds prior to the amendment of February 24, 1905, contained no provision as to jurisdiction of courts in which suits could be brought on such bonds, the Circuit Court of the district in which the bondsman, if a surety company, has its principal office, had jurisdiction under the act

regulating surety companies of August 13, 1894, and this jurisdiction extended to suits on bonds executed prior to the amendatory act for materials furnished after the passage of that act.

The act of February 24, 1905, amending the act of August 13, 1894, and requiring that all suits on a contractor's bond be brought in the district in which the contract was to be performed, had merely a prospective operation and no retroactive effect. *Davidson Marble Co.* v. *Gibson*, 213 U. S. 10.

THE facts, which involve the jurisdiction of the Circuit. Court of actions brought on contractors' bonds under the act of August 13, 1894, and the construction of the act amendatory thereof of February 24, 1905, are stated in the opinion.

*Mr. Russell H. Robbins* for plaintiff in error:

The act of February 24, 1905, governs the remedy of the plaintiff for having furnished material for the construction of a public work. By its terms this act went into immediate effect at the time it was passed, and provides for an omnibus action to be prosecuted in the name of the United States in the Circuit Court of the United States in the District where the contract was to be performed, and not elsewhere. Under this act, the jurisdiction of a particular United States Circuit Court is exclusive. *United States* v. *Congress Construction Co.*, 222 U. S. 199.

The earlier statute contained no limitation as to the court in which the suit could be brought, but in their primary purpose both statutes are identical. The statute is, in effect, a pure mechanic's lien statute, and the general rules of construction applicable to mechanics' lien statutes have been held to govern both the earlier and the later statutes. *Hill* v. *American Surety Co.*, 200 U. S. 197, 203. See also *United States* v. *Churchyard*, 132 Fed. Rep. 82; *Jones* v. *Great Southern Hotel Co.*, 86 Fed. Rep. 370, 383; aff'd 193 U. S. 532; *Standard Oil Co.* v. *Trust Co.*, 21

App. D. C. 369; *Marble Co.* v. *Burgdorf*, 13 App. D. C. 506, 519.

Where there has been a change in the statute after the contract has been made and before the labor and materials have been furnished, the lien is to be determined by the law in force when the labor and materials are furnished although a different statute was in effect when the contract was made. *Hauptman* v. *Catlin*, 20 N. Y. 247; *Sullivan* v. *Brewster*, 1 E. D. Smith (N. Y.), 681; *Summerlin* v. *Thompson & Co.*, 31 Florida, 369; *Weaver* v. *Sells*, 10 Kansas, 609; *McCrea* v. *Craig*, 23 California, 522; *Goodbub* v. *Hornung*, 127 Indiana, 181; *Nixon* v. *Cydon Lodge*, 56 Kansas, 298; *Wheaton* v. *Berg*, 50 Minnesota, 525; *Bardwell* v. *Mann*, 46 Minnesota, 285; *Hill* v. *Lovell*, 47 Minnesota, 293; Rockel on Mechanics' Liens (1909), § 7, p. 11.

Whatever rights in the nature of a mechanics' lien Congress may give to a materialman under a public contract must necessarily be measured by the statute in force at the time the materials and labor were furnished. The same rule applies to jurisdiction. *Merchants' Ins. Co.* v. *Ritchie*, 5 Wall. 541, 544; and see also *National Surety Co.* v. *Architectural Co.*, 226 U. S. 276. *U. S. Fidelity Co.* v. *United States*, 209 U. S. 306; *Davidson Bros. Marble Co.* v. *Gibson*, 213 U. S. 10, do not apply.

Even if the application of the later act to the facts at bar would result in depriving the subcontractor of substantive rights as a materialman because its contract had been made prior to the passage of the amendatory act, the later act merely modified an existing remedy and as the materialman's rights are purely statutory and not contractual, it would have been entirely competent for Congress to have abrogated the lien altogether. *People* v. *Adirondack Ry. Co.*, 160 N. Y. 225; aff'd in 176 U. S. 335.

In point of fact, there were no rights in existence at the time of the amendment so far as a lien was concerned which could have been impaired, and a change in the statute

before the defendant in error had incorporated its materials into the work could not affect a statutory right which had not yet come into existence. *Waterworks Co.* v. *Oshkosh*, 187 U. S. 437, 447.

Until the subcontractor, by incorporating its materials into the dry-dock, brought itself within the protective provisions of the statute and accepted the benefit therein provided for it, no rights on its part against the bond in the nature of a mechanic's lien came into existence. When this occurred, the act of February 24, 1905, was in effect, and the exclusive remedy therein provided was a suit in the Circuit Court of the United States for the district in which the League Island dry-dock is situated. *Galveston &c. Ry. Co.* v. *Wallace*, 223 U. S. 481, 490.

· *Mr. George Wharton Pepper* and *Mr. Thomas Stokes* for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This is an action upon a contractor's bond executed on May 24, 1904, under the provisions of the act of Congress of August 13, 1894, c. 280, 28 Stat. 278, entitled "An Act for the protection of persons furnishing material and labor for the construction of public works." ·The question for decision is whether the court below had jurisdiction of the cause.

The bond was executed by the Surety Company in connection with a contract entered into by the Scofield Company with the United States for the erection of a dry-dock at the League Island Navy Yard. The Harlan & Hollingsworth corporation took over a subcontract and constructed a caisson for the dock. To recover a balance owing, the corporation resorted to its remedy on the bond. ·The bond and various contracts were made prior to 1905.

The above-mentioned act of August 13, 1894, contains no direction respecting where suit upon the bond of a contractor shall be brought by a subcontractor or what courts shall take jurisdiction of the right of action it creates. As the principal office of the defendant Surety Company was located within the district, this action was commenced in the court below as authorized by § 5 of an act of Congress also approved August 13, 1894, c. 282, 28 Stat. 279, regulating surety companies which execute bonds required by the laws of the United States.

The Scofield Company did not defend. The Surety Company, however, entered a plea to the jurisdiction of the court, contending that as the work done and materials and labor furnished by the Harlan & Hollingsworth corporation were done and furnished after the passage of an act approved February 24, 1905, c. 778, 33 Stat. 811, amendatory of the first-mentioned act of 1894, and making important changes in the rights of a subcontractor, the provisions of the amendatory act governed and the action should have been commenced in the district in which the contract was to be performed and executed. A demurrer to the plea was sustained, and for want of an affidavit of defense judgment was entered in favor of the Harlan & Hollingsworth Company, and the case was brought directly here on the question of jurisdiction.

The Circuit Court was clearly right in upholding its jurisdiction. As already stated, the contract between the United States and the original contractor, the bond of the Surety Company and the contract with the plaintiff were all executed prior to the passage of the amendatory act. To hold that the latter act applied, therefore, would be to construe the act as having a retroactive effect. It has, however, been definitely decided that the act was intended to have merely a prospective operation. *U. S. Fidelity Co.* v. *Struthers Wells Co.*, 209 U. S. 306; *Davidson Bros. Marble Co.* v. *Gibson*, 213 U. S. 10. The decisions

lend no support to the contention now urged on behalf
of the plaintiff in error that Congress intended the act of
1905 to be retroactive in all cases where the work was done
after the passage of the amendment.

                                      *Judgment affirmed.*