**UNITED STATES of America ex rel. DOVER ELEVATOR COMPANY, Etc., Plaintiff-Appellant,**

v.

**GENERAL INSURANCE COMPANY OF AMERICA, A Washington Corporation, Defendant-Appellee.**

No. 15761.

United States Court of Appeals Sixth Circuit.

Dec. 18, 1964.

John B. Mack, Memphis, Tenn., Clifton, Mack, & Kirkpatrick, Memphis, Tenn., of counsel, for appellant.

James W. McDonnell, Jr., Memphis, Tenn., Canada, Russell & Turner, Memphis, Tenn., of counsel, for appellee.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and TALBOT SMITH, District Judge.

PER CURIAM.

This action was brought in the District Court under the Miller Act,[1] by a materialman against a bonding company, to recover the value of materials furnished on a public improvement. The defense was that the action was not brought prior to "the expiration of one year after the date of final settlement of such contract," as required by Section 270b(b) of the Act which was in force at the time the contract was entered into.

■ The Miller Act was amended by Public Law 86–135, effective August 4, 1959, so as to provide for the filing of suit not later than one year from the date on which the last labor was performed or material furnished by the claimant. The purpose of the amendment was to eliminate all responsibility of the Government for fixing dates on which the period for filing suits against Miller Act Payment Bonds commences to run. U. S. Code Congressional and Administrative News, 86th Cong. 1st Sess. p. 1995 (1959).

The prime contract and the bond were dated June 22, 1959, which was prior to the amendment of the Act. If the Act prior to its amendment is applicable, it is conceded that plaintiff's suit was untimely since it was not brought within one year from the final settlement of the contract. It was brought, however, within one year after the last material was furnished, which was timely under the amendment.

■ It is settled that the Act in force at the time of the execution of the contract controls. Title Guaranty & Surety Co. v. United States to the Use of Harlan & Hollingsworth, 228 U.S. 567, 33 S.Ct. 614, 57 L.Ed. 969 (1913).

■ The limitation provided in the Act was not to be treated as an ordinary statute of limitation. The Act created a new right and prescribed the remedy therefor. The filing of suit within the limitation period was a condition precedent to the exercise of the right. United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893 (1914); United States ex rel. Soda v. Montgomery, 253 F.2d 509 (C.A.3, 1958); United States for the Use and Benefit of General Electric Co. v. Southern Construction Co., 229 F. Supp. 873 (W.D.La., 1964).

Section 3 of Public Law 86–135 provided:

"The rights of laborers and materialmen under contracts entered into before the effective date of this amendment shall not be affected."

We construe this language to mean that the rights of claimants under existing contracts were not to be affected by the amendment.

■ The fact that the payment bond, although dated June 22, 1959, was not accepted by the Government until August 5, 1959, did not impair the rights of the parties. The contractor was

1. 40 U.S.C. § 270a et seq. as amended.

bound under his contract on June 22, 1959, and was required to furnish the bond.

In our opinion the District Judge was correct in dismissing the complaint.

Affirmed.