AMERICAN MASONS' SUPPLY COMPANY *v.* F. W. BROWN COMPANY ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and SPEZIALE, Js.

Argued November 3, 1977—decision released February 7, 1978

*Jackson T. King, Jr.,* for the appellants (defendants).

*Harry L. Nair,* for the appellee (plaintiff).

COTTER, J. The plaintiff, a building materials supplier, brought this action under § 49-42 of the General Statutes, seeking reimbursement for materials alleged to have been furnished B & G Construction, Inc., hereinafter B & G, a subcontractor of F. W. Brown Company, hereinafter Brown, the general contractor which had contracted with Regional School District No. 4 for the construction of a school. Pursuant to General Statutes § 49-41 Brown furnished a bond in the amount of the contract for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract. Under the terms of the bond, the defendants, Brown, as principal, and Aetna Casualty and Surety Company, as surety, bound themselves to make payments promptly to all claimants

furnishing labor and material used or reasonably required for use in the construction project. Subsequent to the execution of the contract and the furnishing of the bond, Brown entered into a subcontract with B & G to do all the site work for the entire project including the installation of drainage pipes around the exterior of the proposed building. Brown also entered into a subcontract with the Becker and Goldstein Company for the plumbing and heating work which similarly required the installation of drainage pipe in the sewage system. Becker and Goldstein, however, engaged B & G to install this drainage pipe in the sewage system required under the plumbing subcontract.

Pursuant to purchase orders issued by B & G, the plaintiff made two deliveries of poroswall pipe to the construction site and billed B & G for the materials in the amount of $3,025.10. Failing to receive payment from B & G, the plaintiff, pursuant to § 49-42, duly notified the defendants Brown and Aetna Casualty and Surety Company, and demanded payment from Brown. After the expiration of more than five months following the notification to the defendants regarding their delinquency, the plaintiff commenced the present action to recover on the bond. The court (*Palmer, J.*) overruled the defendants' demurrer to the plaintiff's complaint which alleged that suit was not commenced within the time limitation prescribed by statute, and upon trial of the matter, the court (*Bracken, J.*) rendered judgment for the plaintiff in the sum of $3,025.10 plus interest, and the defendants have appealed.

The defendants raise three issues on appeal: (1) The applicability of a 1969 amendment to § 49-42

to this case; (2) the plaintiff's contractual relationship as within the contemplated coverage of the payment bond required by statute (§ 49-42); and (3) the propriety of the trial court's action in opening the case suo motu.

At the time of the execution of the contract and payment bond in January, 1969, and until October 1, 1969, § 49-42 (b) provided that no suit on the bond "shall be commenced after the expiration of one year after the date of final settlement" of the contract. The time limit for filing suit under § 49-42 (b) was amended by 1969 Public Acts, No. 192, § 1, effective October 1, 1969, to provide that no "suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied." The plaintiff made final delivery of the materials to the construction site on May 5, 1969; it provided notice of the delivery and demanded payment from the defendant Brown on July 3, 1969; and suit was filed on February 9, 1971. The defendants, by letter sent to the trial court and at oral argument, conceded that the present action was commenced within one year of final settlement as required under the provisions of § 49-42 (b) as it existed prior to the effective date of Public Act No. 192. The defendants argue, however, that the 1969 statutory amendment applies and operates as a bar to the plaintiff's action because suit was not commenced until almost twenty months after the plaintiff's final delivery of the materials.

This court has consistently expressed its reluctance to construe statutes as having retroactive application. *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 332, 377 A.2d 1092. A statute

"affecting substantial changes in the law" is not to be given a retrospective effect unless it clearly and unequivocally appears that such was the legislative intent. *State ex rel. Rundbaken* v. *Watrous,* 135 Conn. 638, 648, 68 A.2d 289; *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726, 345 A.2d 563. The test of whether a statute is to be applied retroactively, absent an express legislative intent, "is not a purely mechanical one" and even if it is a procedural statute, which ordinarily will be applied retroactively without a legislative imperative to the contrary, "it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied. *Lavieri* v. *Ulysses* . . . [149 Conn. 396, 401, 180 A.2d 632]; *E. M. Lowe's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525." *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58; *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 196, 286 A.2d 308. These aids to legislative interpretation apply with equal force to amendatory acts which effectuate changes in existing statutes. See *Lavieri* v. *Ulysses,* 149 Conn. 396, 402, 403, 180 A.2d 632; 1A Sutherland, Statutory Construction (4th Ed.) § 22.36. The rule that statutes which are general in their terms and affect matters of procedure can be applied retroactively, however, does not include a statute which, though in form providing but a change in remedy, actually brings about changes in substantive rights. *Field* v. *Witt Tire Co.,* 200 F.2d 74, 77 (2d Cir.).

We have concluded that the General Assembly intended General Statutes §§ 49-41 and 49-42 to operate in general conformity with the federal statute, popularly known as the Miller Act (40 U.S.C. §§ 270a—270e); *Pittsburgh Plate Glass Co.* v. *Dahm,*

159 Conn. 563, 567, 271 A.2d 55; *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* 151 Conn. 325, 332-33, 197 A.2d 638. The provision of § 49-42 affected by Public Act No. 192, which sets forth the time limitation within which suit must be commenced under the statute, therefore, is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section. *United States* v. *Gullard,* 504 F.2d 466, 468 (9th Cir.); *United States* v. *Home Indemnity Co.,* 489 F.2d 1004 (7th Cir.); *United States* v. *General Ins. Co. of America,* 339 F.2d 194 (6th Cir.).

As a general rule, where a statute gives a right of action which did not exist at common law, the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone. *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 97 A. 765; see *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 543, 325 A.2d 259; 51 Am. Jur. 2d, Limitation of Actions, § 21. Such is the case regarding the time in which a materialman must bring suit under the statute in question. *New Britain Lumber Co.* v. *American Surety Co.,* 113 Conn. 1, 7-8, 154 A. 147.

The defendants argue that despite a conclusion that § 49-42 (b) is not simply a remedial provision ordinarily subject to retroactive application,[1] our holding in *Diamond National Corporation* v. *Dwelle,* supra, prohibits the retroactive application of the 1969 amendment only to actions pending at the time of the enactment and not to matters not then pend-

---

[1] See, for example, *Fitzgerald* v. *Scovil Manufacturing Co.,* 77 Conn. 528, 60 A. 132.

ing.[2] *Diamond* dealt, however, with the effect of an amendment upon the statutory requirements under § 49-39 relating to actions brought to foreclose a mechanic's lien. The defendants herein furnished a bond pursuant to the statute as a condition precedent to the execution of the construction contract. The bond and the statute, therefore, are to be construed together, "and the language of the bond is to be interpreted in the light of the statute and with a view to effectuating the legislative intent manifested therein." *New Britain Lumber Co.* v. *American Surety Co.*, supra, 5; *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.*, supra; 17 Am. Jur. 2d, Contractors' Bonds, § 5; 12 Am. Jur. 2d, Bonds, § 26. The federal courts have concluded, in construing the Miller Act, that it is the statute in force at the time of the execution of the contract which controls. *United States* v. *General Ins. Co. of America,* supra, 195; see *Title Guaranty & Surety Co.* v. *United States,* 228 U.S. 567, 33 S. Ct. 614, 57 L. Ed. 969, and *United States Fidelity & Guaranty Co.* v. *United States,* 209 U.S. 306, 28 S. Ct. 537, 52 L. Ed. 804 (construing the federal Heard Act); annot., 119 A.L.R. 255, 258–59. Under this interpretation, the 1969 amendment to § 49-42 is not given retroactive effect, and thus we need not consider issues concerning the impairment of contracts. See *O'Connor* v. *Hartford Accident & Indemnity Co.,* 97 Conn. 8, 15, 115 A. 484; *Ashwander* v. *Valley Authority,* 297 U.S. 288, 346–48, 56 S. Ct. 466, 80 L. Ed. 688 (concurring opinion by

---

[2] The present action was commenced more than one year after the effective date of the amendment to § 49-42, and was therefore not pending at that time. A 1959 amendment to the Miller Act specifically provided that contracts entered into before the effective date of the amendment shall not be affected by the change. Public Law 86-135, § 3.

Brandeis, J.) The court was not in error in overruling the defendants' demurrer to the complaint.

The second claim of the defendants relates to the status of the plaintiff as one entitled to the full protection of and within the contemplated coverage of the statutory payment bond for the materials which it supplied. As already noted, the plaintiff delivered materials to the construction site pursuant to the purchase orders made out by B & G. B & G used these materials supplied by the plaintiff for work performed in connection with its contract with Brown, the general contractor, and pursuant to its contract with Becker and Goldstein, another subcontractor.

The gravamen of the defendants' claim is that § 49-42 gives a right of action upon the bond only to those persons having a "direct contractual relationship with a subcontractor," and affords no protection to those who deal with "subcontractors of subcontractors of a prime contractor." The defendants claim that since some of the materials supplied by the plaintiff were used in connection with B & G's subcontract with Becker and Goldstein, the plaintiff has no cause of action against Brown under the bond for that portion of the materials. The defendants have misconstrued the import of this statutory restriction. The question is simply whether B & G was a subcontractor within the meaning of the statute; if it was not, the plaintiff would stand in too remote a relationship to secure the benefits of the bond. *MacEvoy Co.* v. *United States,* 322 U.S. 102, 108, 64 S. Ct. 890, 88 L. Ed. 1163. "[A] subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract." Id., 109. B & G falls within this category.

The purpose of limiting the right of action upon the bond to only those having a direct contractual relationship with a subcontractor is to prevent the imposition of unlimited liability upon the prime contractor and his surety. Id., 110. While it is easy for the prime contractor to secure himself against loss by requiring the relatively few subcontractors to provide some type of security for the payment of those who contract directly with these subcontractors,[3] "this method of protection is generally inadequate to cope with remote and undetermined liabilities incurred by an ordinary materialman, who may be a manufacturer, a wholesaler or a retailer." Id. Since B & G was a subcontractor of Brown, allowing the plaintiff to recover for materials used by B & G under its contract with another subcontractor does not thwart the legislative intent.

The statutory requirement of a bond is designed to "protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay"; *Pelton & King, Inc.* v. *Bethlehem,* 109 Conn. 547, 556, 147 A. 144; and such statutory provisions are to be liberally construed. *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* supra, 333. The plaintiff's protection under the bond is not limited because some of the materials it supplied were used by B & G in connection with its subcontract with Becker and Goldstein.

The defendants' final claim of error challenges the propriety of the trial court's decision to open the case in order to hear additional evidence. The

[3] The record reveals, that this is precisely what Brown did, at least in its contractual agreement with Becker and Goldstein.

court, after the trial was concluded, directed the defendants to file a supplemental answer due to the uncertainty that existed as to whether the defendants had filed an answer to certain paragraphs of the plaintiff's amended complaint regarding the date of final settlement of the contract. Thereupon, the defendants pleaded insufficient knowledge as to these matters. The court then advised counsel that it would hear evidence on the issues thereby raised in these paragraphs of the amended complaint. After the defendants' counsel advised the trial court that they conceded the fact that at the time the plaintiff's action was instituted there had been no final settlement of the contract, no hearing was held.

The defendants' failure to plead timely to these material allegations contained in the plaintiff's amended complaint constituted an admission of the facts contained therein. Practice Book § 83; *Phinney* v. *Rosgen,* 162 Conn. 36, 37, 291 A.2d 218. Thus, the trial court's decision to allow the defendants to file a supplemental answer and to open the case in order to hear additional evidence on this matter would operate only to benefit the defendants. We need not consider a claim of error regarding a ruling which is clearly favorable to the appellant. See Maltbie, Conn. App. Proc. § 39. Furthermore, the claim lacks merit since the scheduled hearing was never held and the defendants do not challenge the court's finding that they conceded that there had been no final settlement of the contract.

There is no error.

In this opinion the other judges concurred.