[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT AETNA'S MOTION TO STRIKE (101)
Plaintiff's complaint first count alleges that on or about May 8, 1990, the plaintiff The G. R. Cummings Company and the defendant AMI Industries contracted for a large quantity of aluminum angles. The plaintiff completed its part of the agreement on or before June 26, 1990. Despite demand the defendant AMI has made no payment to the plaintiff.
In the second count of its complaint plaintiff alleges the ankle brackets supplied by the plaintiff were used by AMI in satisfying its agreement to supply labor and materials to O G Industries, Inc., general contractor on a project contracted by the Connecticut Department of Transportation. On or about April 1990, O G Industries, Inc. as principal, the defendant Aetna Casualty Surety Company, as surety, and the State of Connecticut as obligee executed a labor and material payment bond for the protection of parties such as the plaintiff subcontractor. Paragraph 8 of the second count asserts that on or about April 17, 1991 and May 2, 1991, the plaintiff made demand for payment upon the defendant AMI and gave notice of the nonpayment by AMI to the defendant Aetna and to the Connecticut Department of CT Page 9456 Transportation. Despite demand, Aetna has not made payment to the plaintiff.
On the second count the defendant Aetna moves to strike count two of the plaintiff's complaint on the grounds that no cause of action has been stated against it because the plaintiff did not comply with a statutory precondition of Connecticut General Statutes 49-42(a) necessary for those seeking payment under the bond. Specifically, the plaintiff did not serve notice on the defendant Aetna within 180 days after the date on which plaintiff last performed labor or furnished materials relating to its claim. Plaintiff's complaint is returnable June 18, 1991. It was served on defendant Aetna on June 4, 1991 and in paragraph 4 of the first count plaintiff alleges it completed its agreement with AMI on June 26, 1990.
In order to recover in a matter such as this action, the plaintiff "may enforce his right to payment under the bond by serving a notice of claim within 180 days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond . . ." Conn. Gen. Stat. 49-42(a). Since the plaintiff did not comply with this provision, the defendant Aetna moves to strike the second count of the complaint seeking payment on the bond.
It has been held that failure to comply with the notice requirement "leaves the complaint deficient in a vital particular." Valley Oil Co., Inc. v. Barry, 18 Conn. Sup. 42, 43
(1952). "As a general rule, where a statute gives a right of action which did not exist at common law, the time fixed for bringing the action is a limitation of the liability itself . . ." American Masons Supply Co. v. F.W. Brown Co., 174 Conn. 219, 224
(1978). "Such is the case regarding the time in which a materialman must bring suit under the statute in question." Id. quoting New Britain Lumber Co. v. American Surety Co., 113 Conn. 1,7-8. Therefore, the court concludes that plaintiff's failure to comply with the statute's notice requirement causes the second count of his complaint seeking payment on the bond to be legally insufficient.
Accordingly, the motion to strike is granted.
Dorsey, J.