[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff filed suit on July 22, 1991 against the defendants alleging fraudulent billing and the filing of false liens because of excessive assessment on properties located at 51, 57 and 57 1/2 Barbor Street in Hartford.
The defendants have moved to dismiss the action on two grounds. The first is that the action was not timely filed under 12-119 of the Connecticut General Statutes. The second is, essentially, that the plaintiff has failed to state a cause of action under 12-119.
Section 12-119 provides:
 When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof . . . may, in addition to the other remedies provided by law, make application for relief to the CT Page 9011 superior court for the judicial district in which such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . . .
The defendants claim that the property was last evaluated in October of 1989 but the plaintiff's suit was not filed until July 22, 1991. The defendants argue that the failure to file the suit within the one year period prescribed by the statute deprives the court of jurisdiction. However, the defendants have cited no authority in support of this argument.
As a general rule, where a statute gives a right of action which did not exist at common law, the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone. American Masons' Supply Co. v. F. W. Brown Co., 174 Conn. 219, 224, 384 A.2d 378 (1978). However, 12-119
has been held to be "merely declaratory of existing legal and equitable rights" including the common law remedy of indebitatus assumpsit. Connecticut Light and Power v. Oxford, 101 Conn. 383,391-392, 126 A. 1 (1924), Norwich v. Lebanon, 200 Conn. 697,710, 513 A.2d 77 (1986). Therefore, the limitation period contained within the statute is not itself a prerequisite to establishing liability, but merely an ordinary statute of limitation. The failure to bring the action within the limitation period does not deprive the court of jurisdiction. See American Masons' Supply Co. v. F. W. Brown Co., supra, p. 224. Thus, the defendants' first ground is insufficient to support the motion to dismiss.
The defendants' second argument that the plaintiff has failed to state a cause of action under 12-119 is properly raised by a motion to strike, and not a motion to dismiss.
For the foregoing reasons, the Motion to Dismiss is denied.
AURIGEMMA, J. CT Page 9012