[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT, FIREMEN'S INSURANCE COMPANY, MOTION TO DISMISS FIFTH COUNT OF PLAINTIFF'S COMPLAINT
The complaint alleges that the plaintiff Rojac Company, Inc. performed drywall, plastering and lathing work as a subcontractor for Kapetan, Inc., a general contractor, on the Roger Sherman Elementary School in Meriden, Connecticut. The fifth count of the complaint is the only count directed against Firemen's Fund Insurance Company and seeks to recover on a labor and materials payment bond dated March 27, 1989 issued by Firemen's Fund on behalf of the general contractor, Kapetan, Inc. The project was substantially complete on December 30, 1990, and the last date on which Rojac performed services or rendered materials on the project was September 11, 1990. This action was instituted on September 3, 1992.
Connecticut General Statutes 49-42 provides the framework for the enforcement of rights to bring an action on the bond. Section 49-42(b) reads in as follows:
 Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by the claimant.
Since this action was not commenced within the one-year limitation period provided by the statutes, the defendant Firemen's Fund moves to dismiss the fifth count of the complaint.
"The provision of 49-42 affected by Public Act No. 192, which sets forth the time limitations within which suit must be commenced under the statute . . . is not to be treated as an ordinary statute of limitations, but as a jurisdictional requirement CT Page 6320 establishing a condition precedent to maintaining an action under that section." American Masons Supply Co. v. F.W. Brown, Co.,174 Conn. 219, 224 (1978). "As a general rule, where a statute gives a right of action which did not exist at common law, the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone. Such is the case regarding the time in which a materialman must bring suit under the statute in question." (Citations omitted) Id.
The plaintiff, Rojac Co., raises two objections to the motion to dismiss. The plaintiff claims that a statute of limitations defense must be specially pleaded. However, where a cause of action is created by statute, rather than known at common law, "the provision that the action must be brought within one year was a limitation upon the liability, not the remedy; and the defendants were entitled to the benefit of it without special pleading." Young v. Margiotta, 136 Conn. 429, 432-33 (1950) (emphasis added). Therefore, the statute of limitations may in this instance be raised by a motion to dismiss and need not be specially pleaded.
The plaintiff next claims that the defendant has waived raising a jurisdictional claim because such an argument was not raised in 30 days under Connecticut Practice Book 142. "Where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. . . Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the proscribed period and not thereafter. In this situation . . . it is considered substantive or jurisdictional and not subject to waiver." Travelers Indemnity Co. v. Rubin,209 Conn. 437, 445-46 (1988) (emphasis added). Therefore, in the instant case and under 49-42, the claim of lack of jurisdiction is not subject to waiver.
For the reasons stated, the motion to dismiss is granted.
Dorsey, J