[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 3, 1990, the Board of Education of the City of Waterbury awarded to the defendant, Stack Contracting Services, Inc., a contract for Capital Improvements and Asbestos Removal. On May 29, 1990, the defendant subcontracted a portion of the general contracts to the plaintiff, Petco Insulation. In order to obtain the general contract, the defendant, Stack, furnished to the Waterbury Board of Education a bond issued by defendant, Surplex. The plaintiff has performed its subcontract with defendant, Stack, having completed its subcontract on or about December 22, 1990. On February 12, 1991, the plaintiff informed defendant, Surplex, of Stack's failure to pay under the subcontract and informed Surplex of plaintiff's rights to payment under the bond. Although more than 90 days have passed, Surplex has failed to make payment of the amount due. In three, the plaintiff alleges that Surplex refuses to pay plaintiff's claim and to respond to plaintiff's demand for payment. In count four, the plaintiff alleges that the issuance of the bond by Surplex and subsequent failure to pay constitute an unfair trade practice under General Statutes 42-110, et seq.
The uncontested affidavit submitted by the President of Petco asserts that Petco is owed $18,876.33 for work performed. While Surplex has not responded to the motion for summary judgment, it has asserted several special defenses. The arguments contained CT Page 527 in these special defenses can be stated as follows: 1) The plaintiff had no valid claim under the bond because, as argued by the defendant, the bond was issued solely for the protection of the City of Waterbury; 2) Defendant contends that the plaintiff has no claim because there is no privity between the plaintiff and Surplex; 3) The performance bond executed by Surplex as surety, with Stack, Inc. as principal, does not give rights to subcontractors of Stack Contracting Services, Inc.; 4) Surplex has adopted a defense first raised by Stack which asserts that a release given by Petco bars recovery of other monies due.
The defendant's arguments that Petco cannot recover on the bond because it does not have privity with the defendant and because the bond was issued solely for the benefit and protection of the City of waterbury [Waterbury] may be examined together. "The statutory requirement of a bond is designed to `protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims without defeat or undue delay.'" American Masons' Supply Co. v. F.W. Brown Co., 174 Conn. 219, 227 (1978), quoting Pelton King, Inc. v. Bethlehem, 109 Conn. 547, 556. Since the bond is issued for the protection of subcontractors, no privity is necessary. Similarly, a claim that the bond is designed only to protect Waterbury must fail when the statutory purpose of the bond is to protect subcontractors such as Petco.
The defendant next argues that the principal on the bond is Stack, Inc., and that the bond does not provide rights to subcontractors of Stack Contracting Services, Inc. However, "a variation from the precise name of the corporation or . . . the use of an assumed or colloquial name is unimportant where the identity of the corporation intended is clear, where it appears from the allegations and proof that the contract is that of the corporation sought to be charged . . ." C.J.S. Corporations 661. The bond is in the same amount as the general contract and clearly was issued to secure the general contract for Stack Contracting Services, Inc. therefore, this defendant is chargeable under the bond. See Id.
Lastly, Surplex claims that it is not liable because Petco issued a release to Stack for monies due. However, the court (McDonald, J.) implicitly and necessarily rejected this defense in previously granting Petco's motion for summary judgment against Stack. Since none of the defenses asserted by Surplex prevent recovery by the plaintiff and sufficient proof of a debt CT Page 528 due and owing has been submitted, summary judgment is granted on the third count.
In count four, the plaintiff alleges that the failure of Surplex to pay on the bond is a violation of CUTPA. The failure to pay on the bond is equivalent to a breach of contract. "An allegation of breach of contract is insufficient in and of itself to support a CUTPA claim." Dalton v. Kuell, 10 Conn. L. Rptr. No. 1, 22, 23 (1993); See also Emlee Equipment Leasing v. Waterbury Transmission, Inc., 3 Conn. L. Rptr. 711, 713 (1991); LaMonte v. Rice, 3 Conn. L. Rptr. 189 (1991).
"A simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." Waterbury Transmission, 3 Conn. L. Rptr. at 713, quoting Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530,535 (4th Cir. 1989). Therefore, the plaintiff's allegation of mere breach of contract does not rise to the level of a CUTPA violation. Thus, summary judgment is denied as to count four.
For the reasons stated, the motions for summary judgment are granted as to count three and denied as to count four.
SYLVESTER, J.