[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant, International Fidelity Insurance Co.'s ("IFIC") motion to dismiss the second count of the plaintiff's amended revised complaint. The thrust of the defendant's argument is that the plaintiff has failed to satisfy the jurisdictional requirements of General Statutes, Sec. 49-42(b).
On February 7, 1995, the plaintiff filed a three count amended revised complaint seeking damages arising out of a municipal public works construction project.
The first count alleges that the plaintiff entered into a subcontract with defendant Waterman, a general contractor, and that its last services were rendered on or about January 13, 1993. Further, despite demand for payment, Waterman owes plaintiff $11,934.77.
The second count incorporates the factual allegations of the first count and, further, that Waterman, acting in its capacity as principal, entered into a payment bond with the surety, IFIC.
The third count, in addition to incorporating the allegations of the second count, alleges a CUTPA violation.
On February 14, 1995, IFIC filed a motion to dismiss the second count of plaintiff's amended revised complaint alleging lack of subject matter jurisdiction pursuant to General Statutes, Sec. 49-42(b).
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commissionon Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of CT Page 5254 jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985).
Section 49-42 "provides a cause of action to persons who have furnished labor or materials on a project for which a payment bond is furnished pursuant to 49-41 C.G.S. to recover payments not made." Eacott v. Insurance Company of North America,9 CSCR 742 (June 23, 1994) (Hodgson, J.).
General Statutes, Sec. 49-42 (1993) provides, in pertinent part:
 (a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which the claim is made, may enforce his right to payment under the bond by serving a notice of claim within one hundred eighty days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond. . . .
 (b) Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by the claimant.
IFIC argues that the time limitation as contained in section 49-42(b) is a jurisdictional requirement and a condition precedent to bringing an action pursuant to that section. It relies on American Masons' Supply Co. v. F. W. Brown Co.,174 Conn. 219 384 A.2d 378 (1978) in support of that proposition. IFIC further argues that since the plaintiff alleges that it ceased work on the project on January 13, 1993, and since the sheriff's return reveals that service was not effectuated upon IFIC until September of 1994, the plaintiff has not complied with section 49-42(b), therefore, the court lacks jurisdiction over CT Page 5255 this action.
The plaintiff argues that the motion should be denied because a statute of limitations defense must be specially pleaded. Alternatively, if the court determines that IFIC's motion is properly before the court, the statute of limitations has not expired pursuant to Public Act 93-77, Sec. 1(b).
The time limitation within which suit must be commenced pursuant to section 49-42 "is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section. [Citations omitted.] As a general rule, where a statute gives a right of action which did not exist at common law, the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone. [Citations omitted.] Such is the case regarding the time in which a materialman must bring suit under the statute in question."American Masons' Supply Co. v. F. W. Brown Co., supra, 174 Conn. 224.
Based on the foregoing, the operation of section 49-42(b) may be raised by a motion to dismiss and need not be specially pleaded. See, e.g., Rojac Company, Inc. v. Kapetan, Inc.,9 Conn. L. Rptr. 323 (August 2, 1993) (Dorsey, J.).
With regard to Public Act 93-77, section 1 of that amends General Statutes, Sec. 38a-290, which now provides that:
 No insurance company doing business in this state shall limit the time within which any suit shall be brought against it or any claim shall be submitted to arbitration on (a) a fidelity or surety bond to a period less than three years from the time when the loss insured against occurs; (b) a construction performance bond to a period less than three years from the date on which the principal last performed work under the contract; (c) a construction payment bond to a period less than three years from the date on which the claimant last performed work or supplied material for which the claim is made; and (d) all other policies to a period less than one year from the time when the loss insured against occurs. This section shall not apply to suits and arbitration claims under the uninsured or underinsured motorist provisions of a motor vehicle insurance policy.
 Public Act 93-77, Sec. 1. Public Act 93-77 took effect on May 20, 1993, the date of its passage. Public Act 93-77, Sec. 4. CT Page 5256
The inference to be drawn from the plain language of section 38-290 is that an insurance company such as IFIC is precluded from drafting contract terms that limit the time in which suit shall be brought against it. The plaintiff has neither alleged nor proffered evidence that reveals that IFIC has attempted to contractually limit the time in which suit can be brought against it. Furthermore, section 38a-290 is contained in a chapter entitled "Insurance Contracts in General," while section 49-42 is a specific statute with regard to mortgages and liens. "`It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or other statute which might otherwise prove controlling.'" Gaynor v. Union Trust Co., 216 Conn. 458, 476,582 A.2d 190 (1990). Therefore, the plaintiff cannot avail itself of the operation of section 38-390, and resolution of the limitations issue in the present case turns on the applicability of section 49-42(b) to the facts of the present case.
In this case, the plaintiff has admitted that it last rendered its services on or about January 13, 1993. However, this action was not instituted until service was effectuated upon IFIC, which occurred on September 15, 1994. (Sheriff's Return dated September 15, 1994.) Since this action was not commenced within the one year limitation period, the plaintiff has failed to satisfy the jurisdictional requirement provided for by the legislature in section 49-42(b), and IFIC's motion to dismiss is granted. See Rojac Company, Inc. v. Kapetan, Inc., supra,9 Conn. L. Rptr. 323; and Major Machinery v. Woodland Brokers,
7 Conn. L. Rptr. (August 6, 1992) (Aurigemma, J.)
Mihalakos, J.