[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought in two counts. The First Count alleges, inter alia, that the Plaintiff seeks payment from the Defendant, The Aetna Casualty and Surety Co. ("The Aetna"), pursuant to the surety bond it issued in accordance with the provisions of § 49-41 of the Connecticut General Statutes for the construction of a public building, the East Haddam High School ("Haddam job"). The Second Count alleges, inter alia, that the Plaintiff, who was in the trucking business, pursuant to an agreement with the Defendant, Val Cast Corporation ("Val Cast"), transported building material and other precast products for the Defendant Val Cast to the Haddam job. Val Cast was defaulted and the count against it is a hearing in damages.
The Plaintiff also delivered materials to Val Cast to manufacture the precast cement products which it transported by flat beds to the Haddam job. The invoices for the work performed CT Page 8059 by the Plaintiff totalled $11,100. The Plaintiff seeks that amount plus interest and attorney's fees as provided by the provisions of § 49-42 of the Connecticut General Statutes. The attorney's fees in this case as contracted for between the Plaintiff and attorneys for the Plaintiff was a contingent fee arrangement whereby the attorney would receive one-third the recovery. No objection was made to the contingency contract for attorney's fees or was an evidentiary hearing requested regarding the fees.
The Plaintiff in this case did not have a direct contract with A. Prete and Son Construction Co. ("Prete"), the general contractor for the Haddam job, but with Prete's subcontractor Val Cast.
The bond which was posted by Aetna was a labor and materials bond required for public building construction to provide security for workers and material suppliers unable to protect themselves of a mechanic's lien. Okee Industries Inc. v. National Grange MutualInsurance Agency, et al, 225 Conn. 367, 373.
 "Because `[t]he statutory requirement of a bond is designed to benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims without defeat or undue delay . . . such statutory provisions are to be liberally construed.' [Citations omitted]." Okee Industries, Id. 373.
The Aetna has set forth two special defenses:
 1. That the Plaintiff did not supply labor or materials for the Haddam job and therefore is not a claimant; and
 2. That the Plaintiff failed to serve notice timely, i.e, within 180 days after the last, delivery.
All other defenses in the file later pleaded by the Aetna were withdrawn at trial.
The Aetna claims that the Plaintiff is at best a "third tier" subcontractor, i.e., one whose contract was with a subcontractor of a subcontractor of the bonded contractor). Aetna asserts that the relationship of the Plaintiff (claimant) is therefore critical in determining whether a claim can successfully be made against a bond pursuant to § 49-42. Aetna asserts that the contract of the CT Page 8060 Plaintiff was with Val Cast who was not a subcontractor of Prete and at best was a third tier subcontractor.
The Aetna introduced the written contract between Prete and Precast Associates ("Precast") (Ex. 1) in its defense that the claimant did not have a direct relationship with a subcontractor of Prete. At trial, Albert Vitale testified that Precast, who signed the contact with Prete, was in fact a subsidiary of Val Cast. The Aetna filed a motion to reopen the evidence after trial on the ground of newly discovered evidence and attached thereto a complaint wherein Precast brought an action against Aetna for work done at the Haddam job. Plaintiff has opposed the reopening on the grounds that the evidence is not newly discovered and was known to Aetna since it is the same defendant in this case and the other complaint. The Plaintiff who objects to the reopening arguing that the case of American Mason's Supply Co. v. F.W. Brown Co.,174 Conn. 219, filed to support Aetna's motion would make no difference in the result since in that case the claimant was a third tier contractor and recovery was allowed.
This court denies the motion to reopen and relies on the more credible evidence and finds that Aetna was aware that the claimant Plaintiff in this case had a direct relationship to the subcontractor of Prete when it supplied and transported the precast materials to the Haddam job.
The Plaintiff also cites in support of his claim InternationalHarvester Co. v. L.G. DeFelice Sons, 151 Conn. 325 (1964), in which our Supreme Court held that a claimant who repaired trucks for a subcontractor that was used to haul fill to a construction project was entitled to the protection of the statute.
The second defense of failure to give timely notice of his claim within 180 days is likewise unavailing. This court finds that the Plaintiff last supplied services on March 9, 1994. The Aetna admitted in paragraph 5 of its answer that it received notice on September 1, 1994. Notice of claim therefore is found to have been duly made.
Applying a liberal construction to the facts of this case, the court finds in favor of the Plaintiff on the First Count for the Plaintiff to recover $11,100 plus interest in the amount of $1615, and attorneys fees in the amount of $3000, for a total of $15,715 plus costs. CT Page 8061
As for the Second Count, the court finds in favor of the Plaintiff for the amount recited in the First Count which will be satisfied upon payment by the Aetna.
Frank S. Meadow State Trial Referee