[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants, A. Prete Son Construction Co., Inc. ("Prete") and Aetna Casualty and Surety Company ("Aetna") have moved to dismiss the Second Count of the amended complaint dated March 11, 1996 ("Complaint") on the grounds that the plaintiff, B.W. Dexter II, Inc. ("Dexter"), has failed to plead facts that allege a cause of action under, Connecticut General Statutes § 49-42, which established a one year time limit for the filing of suits pursuant to the section, and, therefore, this court lacks subject matter jurisdiction.
The Complaint alleges that Dexter supplied equipment, materials and labor on behalf of Prete for the East Haddam High School construction project between approximately February 1993 and June 1994, pursuant to a contract entered into between Prete and Dexter on January 18, 1993. In connection with the project Aetna, as surety, and Prete, as principal, executed a labor and material bond ("Bond"). The plaintiff alleges that it has made demand for payment under the bond in accordance with Connecticut General Statutes § 49-42 and that Prete and Aetna have failed to pay the balance due under the bond to the plaintiff.
Section 49-42(b), in effect at all times pertinent to this action, provides:
 Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the day on which the last of the labor was performed or the material was supplied by the claimant.
"As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself, and CT Page 5261-BBBBBBBB not of the remedy alone. American Masons' Supply Co. v. F.W.Brown Co., 174 Conn. 219, 224, 384 A.2d 378 (1978). In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction. Orticelli v. Powers, 197 Conn. 9, 15,495 A.2d 1023 (1985); see also Practice Book § 145." Wilson v.Kelly, 224 Conn. 110, 123, 617 A.2d 433 (1992).
In American Masons Supply Company v. F.W. Brown Co., supra,
the Supreme Court stated:
 The provision of section 49-42, . . . ., which sets forth the time limitation within which suit must be commenced under the statute, therefore, is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section.
174 Conn. at 224.
Practice Book § 43 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Pursuant to Practice Book § 145 "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
Dexter has alleged that it supplied equipment, materials and labor on behalf of Prete between February 1993 and June 1994. Because this suit was commenced by service on Prete and Aetna on January 4, 1994, more than one year after Dexter alleged it last, provided services and supplies, Dexter has failed to comply with the time limitation for its claim pursuant to § 49-42(b), and this court is without subject matter jurisdiction over Count Two of the Complaint.
Section 49-42 was amended by Public Act 94-188, Sec. 16. That amendment changed the time in which to commence suit from one year after labor was last performed or; materials were last supplied to one year "after the applicable payment date provided for in subsection (a) of section 49-41a." The plaintiff incorrectly claims that the amended version of § 49-42
controls here. It does not. The Court in American Masons', supra,
held that the statute in force at the time of the execution of CT Page 5261-CCCCCCCC the contract for which a payment bond is issued controls. In other words, the Court held that retroactive application of an amendment to § 49-42 was improper.
For the foregoing reasons, the Motions to Dismiss the Second Count of the Complaint filed by Prete and Aetna are granted.
By the court,
Aurigemma, J.