[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#108)
The Defendants Metcalf Eddy, Inc. (" Metcalf") and United States Fidelity Guaranty Co. ("USFG") have moved to strike the Revised Complaint dated October 7, 1998 of the Plaintiff Douglas Bleiler, Trustee of the International Union of Operating Engineers Local Union 478 Benefit Funds. The Revised Complaint is in five counts. Plaintiff's counsel conceded at oral argument that the motion to strike should be granted as to the Third, Fourth and Fifth Counts. These counts, directed solely at USFG, respectively allege violations of General Statutes § 42-110a
CT Page 2571 et seq. (CUTPA), § 38a-815 et seq. (CUIPA) and the implied covenant of good faith and fair dealing.
The First Count, directed at Metcalf and the Second Count, directed at USFG, make claim under a payment bond (the" Bond") executed by Metcalf as principal and USFG as surety in connection with a public works contract entered into by Metcalf with the City of Danbury.[1] The Plaintiff claims nonpayment of required Union Benefit Funds owed on the project by J. F. Barrett Sons, Inc. ("Barrett") under the Union's agreement with Barrett. Plaintiff alleges that Barrett was a subcontractor of Poole Kent-New England, Inc. ("Poole"), itself a direct subcontractor of Metcalf, the general contractor. The Defendants assert that the motion must be granted as to the First and Second Counts because Plaintiff's claim is that of a third-tier subcontractor, and a third tier subcontractor is not entitled to claim under the Bond.
A motion to strike is the proper vehicle to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint, or of any prayer for relief therein. Practice Book § 10-39. A motion to strike admits all well pleaded allegations and those facts necessarily implied therefrom. Amodiov. Cunningham, 182 Conn. 80, 82-83 (1980). "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Ferryman v. Groton,212 Conn. 138, 142 (1989). Only the grounds specified in the motion may be considered. Meredith v. Police Commission, 182 Conn. 138. 140 (1980). Mere conclusions of law, absent supporting factual allegations, are insufficient. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86 (1982).
General Statutes §§ 49-41 and 49-42 are modeled after the federal Miller Act requiring surety bonds for federal public works projects. It has long been recognized that interpretation by federal courts of the Miller Act provides particular guidance in the interpretation of Connecticut's Little Miller Act. See, e.g., OG Industries. Inc. v. New Milford, 229 Conn. 303, 309
(1994).
The Plaintiff, as a trustee of union trust funds, has the right to assert claims against public works bonds on behalf of union members employed on the project. Sherman v. Carter,353 U.S. 210, 218-20, 77 S.Ct. 793 (1957). Under Sherman, the Plaintiff could assert a claim under the Bond if the union CT Page 2572 employees of Barrett could properly do so. The Plaintiff stands in the shoes of these employees.
A subcontractor is a party who has a direct contractual relationship with the general contractor. A claimant whose claim is against a party who does not have a direct contractual relationship with either a subcontractor or the general contractor is at best a third-tier subcontractor. Under the Miller Act, a third-tier subcontractor is barred from making a bond claim. J.W. Bateson Co. v. Board of Trustees of the NationalAutomatic Sprinkler Ind. Pension Fund, 434 U.S. 586, 591-92,98 S.Ct. 873 (1978).
The parties agree that the rule of Bateson applies under Connecticut's Little Miller Act. Plaintiff's claim under the Bond is based upon nonpayment by Barrett, who was a sub-contractor of Poole, who was a subcontractor of Metcalf. Plaintiff thus stands as a third-tier subcontractor. Its bond claim is therefore barred.
Plaintiff asserts that its status is not that of a third-tier subcontractor. but that of a second-tier subcontractor by reason of its direct contractual relationship with Poole, similar to its agreement with Barrett. For this proposition, Plaintiff relies onAmerican Masons' Supply Co. v. F. W. Brown Co., 174 Conn. 219
(1978).
In American Masons', the plaintiff's bond claim was for nonpayment by a subcontractor, BG. The Supreme Court rejected the defendants' claim that the plaintiff was transformed into a third-tier subcontractor by reason of its dealing in connection with the project with a party who was a subcontractor of a subcontractor, that is, a sub- subcontractor.
The court focused on the plaintiff's relationship with BG. As stated by the court, "[T]he question is simply whether BG was a subcontractor within the meaning of the statute. . . ." The plaintiff's relationship with the sub-subcontractor, against whom it was not claiming, was irrelevant. As in American Masons', the question here is whether Barrett was a subcontractor, not whether Poole, against whom Plaintiff is not claiming, was such. Clearly, Barrett was not a subcontractor, but was a sub-subcontractor.American Mason's is inapposite.
The Plaintiff's bond claim is that of a third-tier CT Page 2573 subcontractor, and is barred. The motion to strike is granted.
 David L. Fineberg Superior Court Judge.