[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#130)
Before the court is the plaintiff Coastal Energy, Inc's (Coastal) motion for summary judgment. Coastal moves for summary judgment against the defendant Peerless Insurance Company (Peerless) with respect to count two of the complaint.
On October 26, 1999, Coastal, the subcontractor on a public works project, filed a two count complaint against Connecticut Carpentry Corporation (Connecticut Carpentry) (count one), and Peerless (count two). Coastal alleges the following in its complaint. In May 1996, Connecticut Carpentry entered into a contract with the city of Meriden (the City), whereby Connecticut Carpentry agreed to act as a general contractor on the "Alterations and Renovations to Benjamin Franklin School Project" (the project). In accordance with the terms of the contract, and pursuant to General Statutes § 49-41, Connecticut Carpentry was required to post a labor and material bond (the bond). As surety, Peerless posted the bond. On May 16, 1996, Coastal entered into a subcontract with Connecticut Carpentry. Under the terms of the subcontract, Coastal agreed to perform demolition and other work on the project, and Connecticut Carpentry agreed to pay Coastal $225,000.00. In addition to the labor and materials provided for in the subcontract, Coastal also agreed to provide additional labor and materials to the project. Connecticut Carpentry breached its subcontract with Coastal by: (1) refusing to pay Coastal for work performed pursuant to the subcontract; (2) withholding monies from Coastal's monthly billings; and (3) delaying Coastal's performance of its work, resulting in Coastal incurring additional damages. Coastal sent a letter to Connecticut Carpentry demanding payment of $205,687.71, the amount due and owing on the contract. Connecticut Carpentry did not pay Coastal. In accordance with § 49-42[1], Coastal sent notices to the surety, Peerless, seeking payment under the bond. Peerless did not pay Coastal nor did it deny the claim within ninety days after service of the notice of claim.
On July 18, 2001. Coastal filed a motion for summary judgment against Peerless. Coastal also filed a memorandum in support of its motion with supporting documentation. On August 17, 2001. Peerless filed a memorandum in opposition to the motion for summary judgment and supporting documentation. Coastal filed a reply on August 17, 2001. CT Page 13528
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. (Citations omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 255, 654 A.2d 748 (1995).
"General Statutes . . . §§ 49-41 through 49-43, which provide for the furnishing of bonds guaranteeing payment (payment bonds) on public works construction projects, were enacted to protect workers and materials suppliers on public works projects who cannot avail themselves of otherwise available remedies such as mechanic's liens. . . . Section49-41 requires that the general contractor provide a payment bond with surety to the state or governmental subdivision, which bond shall guarantee payment to those who supply labor and materials on a public works project. . . . Section 49-42 provides that any person who has performed work or supplied materials on a public works project, but who has not received full payment for such materials or work, may enforce his right to payment under the payment bond. This legislation, known as the `Little Miller Act' (act), was patterned after federal legislation popularly known as the Miller Act . . . and, therefore, we have regularly consulted federal precedents to determine the proper scope of our statute. . . . The federal precedents, like our own, counsel liberal construction of statutory requirements other than those relating to specific time constraints." (Citations omitted; internal quotation marks omitted.) Blakeslee Arpaia Chapman, Inc. v. El Constructors, Inc.,239 Conn. 708, 714-16, 687 A.2d 506 (1997).
Coastal moves for summary judgment on the ground that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Coastal argues that: (1) Peerless failed to respond to the notice of claim in accordance with the terms of the bond; and (2) Peerless failed to make payment under the bond or deny Coastal's claim CT Page 13529 within the time period required by General Statutes § 49-42 (a).
Peerless argues in opposition that genuine issues of material fact exist and that Coastal has failed to establish that it is entitled to judgment as a matter of law. More specifically, Peerless argues that: (1) a genuine issue of material fact exists as to whether Coastal properly submitted and timely commenced a claim under General Statutes § 49-42; (2) whether Peerless' responses to Coastal's letters constitute a denial of liability within the meaning of § 49-42 raises a genuine issue of material fact; (3) whether Coastal commenced the present action within the time period required by § 49-42 (b) raises a genuine issue of material fact; (4) the notice and timing requirements of General Statutes § 49-42 govern the present action and must be given effect to the exclusion of the notice and timing requirements contained in the bond; and (5) if the notice and timing requirements provided for in the bond are applicable, a genuine issue of material fact exists regarding whether Peerless' April 10, 1998 letter satisfies the requirements under the bond.
In reply, Coastal argues that the bond, which was drafted by Peerless, may not narrow the requirements of General Statutes § 49-42, but it may, however, expand the scope of coverage. Coastal also argues that Peerless' April 10, 1998 letter is not a denial of Coastal's claim as required under the bond and § 49-42. Lastly, Coastal argues that its failure to send the March 24, 1998 notice of claim to Peerless by certified mail is not fatal to its present claim.
Before proceeding to the issues raised by Coastal in its motion for summary judgment, the court must first address whether Coastal filed the present action within the one year statute of limitations as required by General Statutes § 49-42 (b). "[W]here a specific time limitation is contained within a statute that creates a right of action that did not exist at common law . . . the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Kelvin Corp. v. Foley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292233 (October, 1997, Stevens, J.), quoting Federal Deposit Ins. Corp. v. Hillcrest Associates, 233 Conn. 153,171, 659 A.2d 138 (1995). "The provision of [§] 49-42. . . which sets forth the time limitation within which suit must be commenced under the statute . . . is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section." American Masons' SupplyCompany v. F.W. Brown Company, 174 Conn. 219, 224, 384 A.2d 378 (1978).
General Statutes § 49-42 (b) provides, that: "Every suit instituted CT Page 13530 under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the applicable payment date provided for in subsection (a) of section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, no such suit may be commenced after the expiration of one year after the date such materials were supplied or such work was performed."
General Statutes § 49-41a (a) provides, in part, that: "When any public work is awarded by a contract for which a payment bond is required by section 49-41, the contract for the public work shall contain the following provisions: (1) A requirement that the general contractor, within thirty days after payment to the contractor by the state or a municipality, pay any amounts due any subcontractor, whether for labor performed or materials furnished, when the labor or materials have been included in a requisition submitted by the contractor and paid by the state or a municipality. . . ."
After reviewing the pleadings and the documents submitted by Coastal, the court is unable to determine whether Coastal commenced this action within the time limitation set forth in General Statutes § 49-42
(b). Coastal fails to establish the nonexistence of a genuine issue of material fact regarding when the "applicable payment date" provided for in subsection (a) of section 49-41a was, or, when it last supplied materials or performed work under the subcontract. The court, therefore, finds that genuine issues of material fact exist as to when the one year statute of limitations in § 49-42 began to run.
For the reasons set forth above, Coastal's motion for summary judgment is denied.
Skolnick, J.