**UNITED STATES of America, for the Use of E. E. BLACK LIMITED, a corporation, Appellant,**

v.

**PRICE–McNEMAR CONSTRUCTION CO., and Seaboard Surety Company, corporations, Appellees.**

No. 18429.

United States Court of Appeals
Ninth Circuit.

July 11, 1963.

# 664

son, John Michael McCormick, Los Angeles, Cal., for appellee.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

■ This is a suit to recover $6,508.83 for labor and materials furnished in the construction of a Government facility, brought pursuant to the Miller Act, 40 U.S.C. § 270-e. Upon motion of defendants the district court dismissed the second amended complaint on the ground that the action was not commenced within the time specified in 40.U.S.C. § 270b(b). Plaintiff appeals.[1]

■ Before reaching the merits we are met with appellee's contention, in effect, that this court is without jurisdiction to entertain the appeal because, by reason of the late commencement of the action, no federal court can gain jurisdiction of the subject matter in controversy.

The jurisdiction of this court depends only upon whether the jurisdictional requirements of statutes and rules pertaining to the taking of appeals have been met. Appellees do not contend that there is here any deficiency in this regard. If, as here, a district court denies relief on the ground that it lacks jurisdiction, a court of appeals has jurisdiction to entertain the appeal for the purpose of determining whether the district court correctly decided the jurisdictional question. Russell v. United States, 9 Cir., 306 F.2d 402, 405. We have jurisdiction to entertain this appeal.

Robertson, Castle & Anthony, J. Garner Anthony, Arthur B. Reinwald, Honolulu, Hawaii, for appellant.

Samuel Landau, Honolulu, Hawaii, Bryant, Campbell, McCormick & Daniel-

■ It is provided in the Miller Act, section 270b(b), that,

" * * * no such suit shall be commenced after the expiration of one year after the day on which the last

---

1. The motion to dismiss was purportedly made pursuant to Rule 12(b), Federal Rules of Civil Procedure. But since it was made after defendants had filed their answer, the motion must be regarded as one for judgment on the pleadings, made pursuant to Rule 12(c). Where, as defendants contend was the case here, the application of the statute of limitations is apparent on the face of the complaint, the complaint may properly be dismissed by an appropriate motion in advance of trial. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 232 F.2d 190, 197.

of the labor was performed or material was supplied * * *."

According to the second amended complaint the last of the labor was performed and material supplied in February, 1961. This action was commenced on August 24, 1962, or nearly eighteen months after the last labor was performed and material supplied.

It is also alleged in the second amended complaint, however, that through a series of correspondence and conversations beginning March 13, 1961, and ending July 12, 1962, defendants represented to plaintiff that the $6,508.83 balance due would be paid as soon as defendants' investigation of the matter was completed. It was further alleged that this representation was made with the intention that plaintiff rely thereon, and that plaintiff did rely thereon, to its detriment. By reason of these circumstances, it was alleged, defendants have waived any defense of limitation of actions and are estopped to plead that defense.

Were the statute of limitations with which we are here concerned one of general application, there would be no doubt that circumstances showing that the failure to institute a timely action was induced by representations of the opposing party could give rise to an estoppel to assert such a defense.[2] As the Supreme Court said in Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 232–233, 79 S.Ct. 760, 761–762, 3 L.Ed. 2d 770,

> " * * * the maxim that no man may take advantage of his own wrong * * * has frequently been employed to bar inequitable reliance on statutes of limitations. * * *"

As appellees point out, however, we are not here dealing with a general statute of limitations, but with a statute of limitations which is a part of, and pertains

only to, an act creating a cause of action unknown at common law, namely, the Miller Act. Where this is the case, appellees contend, the period of limitation is a matter of substance limiting the right as well as the remedy. Accordingly, the argument goes, the commencement of such an action within the prescribed period is a condition precedent to recovery, and unless commenced within that period the district court is without jurisdiction over the subject matter.

This view, that the principles of estoppel against reliance upon statutes of limitation are not applicable to statutes that create a cause of action where none existed before and limit the time for commencing suit thereunder, has been rejected by the Supreme Court with regard to a statute of limitations contained in the Federal Employers' Liability Act. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770. In reaching that conclusion, the Court cited earlier cases in which the rejected view was expressed, but stated the language of those cases "is in dicta and is neither binding nor persuasive."

Without doubt statutory language could be devised, or the statutory history of a particular enactment could be such, that it would be necessary to hold that estoppel may not be raised as a defense to the statute of limitations there involved. But the statute of limitations made a part of the Miller Act is not significantly different from that which is incorporated in the Federal Employers' Liability Act construed in Glus.[3] Nor have appellees here, any more than did the respondent in Glus, pointed to anything in the history of the Miller Act to indicate that the principle of estoppel may not be applied.

We therefore hold that the rationale of Glus v. Brooklyn Eastern District Termi-

---

2. See the cases collected in 3 L.Ed.2d 1886, 1887, annotation.

3. The limitation provision of the Miller Act is quoted above. The limitation provision of the Federal Employers' Liability Act, 45 U.S.C. § 56, reads:

> "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

nal, is applicable to the statute of limitations incorporated in the Miller Act, and that a defendant may, if the circumstances warrant, be estopped from defending on the ground that the action was not commenced within the time specified in 40 U.S.C. § 270b(b).

Defendants also argue that, in any event, plaintiff has failed to plead the elements of estoppel.

This question was not raised in the district court and we therefore do not consider it. See Hoffman v. Halden, 9 Cir., 268 F.2d 280, 285, note 1.

The judgment is reversed and the cause is remanded for further proceedings.