**SECURITY INSURANCE COMPANY OF NEW HAVEN, CONN. and Ray E. Trappman and Helen Trappman, Appellants,**

v.

**UNITED STATES of America for the use of Sam HAYDIS dba Haydis Oil Company, Appellee.**

**No. 19191.**

United States Court of Appeals Ninth Circuit.

Nov. 4, 1964.

John P. Frank, Gerald K. Smith, Don Davis, Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, Ariz., for appellants.

W. T. Elsing, F. R. Crable, Elsing & Crable, Phoenix, Ariz., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:.

This appeal presents one of those "neat" questions which delight legal technicians, but have nothing to do with the merits of the case. The action is under the Miller Act (40 U.S.C. §§ 270a–270d). The pertinent provisions of the Act appear in 270b(a) and (b) and are as follows: (We have emphasized the language directly involved here.)

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and *who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit* * *"

\* \* \* \* \* \*

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, *but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him.*"

The following chronology shows the background of the problem:

*June 9, 1962:* Last day on which appellee Haydis supplied material to the contractor.

*June 18, 1962:* Complaint filed. The complaint alleges that "less than one year has expired since the 9th day of June, 1962."

*October 9, 1962:* Answer and cross-claim of defendants Trappman, the contractors, filed. This document does not raise the point that the action was prematurely filed.

*October 18, 1962:* Answer of Security Insurance Company of New Haven, Connecticut, the surety, filed. This document states as defenses, among others, that the complaint fails to state a claim upon which relief may be granted, and that "the plaintiff has failed to comply with the conditions precedent to suit required by 40 U.S.C. § 270(b)" [sic], and the court is therefore without jurisdiction of the subject matter.

*October 24, 1962 to*
*September 9, 1963:* Various depositions taken and motions filed and heard, none relating to the question of jurisdiction or premature filing of suit.

*September 19, 1963:* Matter set for trial on October 17, 1963.

*October 17, 1963:* Defendants served authorities in support of a motion to dismiss for want of jurisdiction.

*October 18, 1963:* Defendants orally moved to dismiss for want of jurisdiction. By leave of court, supplement to complaint filed. This alleges that since June 9, 1962 more than ninety days have elapsed and that the plaintiffs have not received any payment for the materials supplied.

*November 1, 1963:* Motion to dismiss denied.

*December 16, 1963:* Judgment entered against the contractor and surety.

The complaint was filed less than ninety days after the last day on which material was supplied by the plaintiff to the contractor, so that the action was premature under the terms of section 270b(a) quoted above. The supplemental complaint alleging that the ninety days have elapsed and no payments have been received, was not filed until more than one year after the day on which the last material was supplied. Section 270b(b) limits the time for filing the action to such year.

Appellant's argument, in substance, is this: When the complaint was filed the plaintiff had no claim for relief because

the ninety-day period specified in subsection (a) supra had not expired. When the supplement to the complaint was filed, more than one year from the pertinent date had expired. A supplemental complaint alleges new matter; therefore its allegations, unlike those of an amended complaint, or of an amendment to a complaint, do not relate back so as to remove the bar of the statute of limitations. Hence the action was barred by the one year limitation in subdivision (b). Moreover, say appellants, if the allegations of the supplemental complaint can be said to relate back, then under Rule 15(c), F.R.Civ.P. they must relate back to the time when the action was filed and at that time the plaintiff had no claim for relief. Consequently, the court was and remains without jurisdiction.

■ Nothing but the most compelling authority, emanating from the Supreme Court of the United States itself, would induce us to stay on this legal merry-go-round. Appellants assert that we are so compelled by the decision in United States ex rel. Texas Portland Cement Company v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893. In that case the Court was construing the Act of August 13, 1894, 28 Stat. 278, as amended by the Act of February 24, 1905, 33 Stat. 811. That statute, a predecessor of the Miller Act, also dealt with persons furnishing labor or materials to a contractor doing work for the United States, and required only one bond in favor of the United States and of laborers and materialmen. The person furnishing the material was authorized to bring an action "If no suit should be brought by the United States within six months from the completion and final settlement of said contract." In case the United States did bring an action, the materialmen could intervene in that action, but could not file a separate suit. If no suit were brought by the United States, there were certain other conditions precedent to an action by the materialmen. Also, if a suit were brought by a creditor or creditors, other creditors could not then, separately, sue, but were required to intervene in the action. The statute further provided "That where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later." In the case then before the Court, the action was brought by a creditor within the six months period. More than one year after final settlement, it was shown by stipulation of the parties in open court that, following final settlement, the United States neither had nor asserted any claims against either the contractor or the sureties on his bond, and an amended complaint showing these facts was also filed. The Court held, in substance, that the statute did not place a limitation upon a cause of action theretofore existing, but created a new one upon the terms named in the statute. It further held that the right of action was conditioned upon the failure of the United States to bring a suit within the six months period, and that this condition was a part of the right conferred, without which there would be no liability. It therefore said that the action was prematurely brought. As to the stipulation and the filing of the amended complaint, the Court said that this would date back to the filing of the petition, its purpose being to supply defects in a cause of action then existing, but that there was no cause of action when the suit was filed. Consequently, the amendment came too late. The Court therefore held that the plaintiff could not recover.

As to the Texas Portland Cement Company case, we note first that the statute there involved is quite different from the statute before us. The language of the statute, both relating to the time before which action could not be commenced and the time within which it must be commenced, sounds more like the imposition of conditions to the maintenance of the action than does the language of the

Miller Act. Thus the Act of 1894, as amended, states that the action "shall be brought * * * within one year from the completion of the work * * * and not later." The Miller Act merely states "no such suit shall be commenced after the expiration of one year * * *." This is more like a statute of limitations. Furthermore, the language of section 270b(a) is less like a condition precedent than the language in the Act of 1894, and the purpose of the required delay in filing is quite different. Under the Miller Act, there are separate bonds, for the benefit of the United States and of materialmen. A creditor can file his own suit, on the bond given for his protection, whether or not the United States or another creditor does so. There is no requirement that other creditors must join in the first such suit that is filed.

We note, second, that the Texas Portland Cement Company case was decided in 1914, long before the adoption of the Federal Rules of Civil Procedure. These inaugurated a shift from emphasis upon technicalities of procedure to emphasis upon having cases decided upon their merits regardless of such technicalities. Rule 1 provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 15 deals with amended and supplemental pleadings and contains very liberal provisions regarding both. Subdivision (c) of that rule provides:

"*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Subdivision (d) of Rule 15, as amended January 1, effective July 1, 1963, provides:

"*Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occur-

rences or events which have happened since the date of the pleading sought to be supplemented. *Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.* If the court deems it advisable that the adverse party plead *to the supplemental pleading,* it shall so order, specifying the time therefor." (Matter added in 1963 is emphasized.)

These provisions, taken together with Rule 1, and with the language of the Miller Act, seem to us to call for a different result from that reached in the Texas Portland Cement Company case, supra.

We think that the decisions of the Supreme Court point in this direction. As long ago as 1888, in Jenkins v. International Bank of Chicago, 127 U.S. 484, 8 S.Ct. 1196, 32 L.Ed. 189, the Supreme Court permitted the filing of a supplemental bill which alleged that after the filing of the original action, a judgment had been entered in a companion case which was *res adjudicata* in the case before the Court, and that this could be done even after the statute of limitations had run. The Court held that the statute of limitations did not apply. It said: "It was strictly new matter arising after the filing of the bill, properly set up by way of a supplemental bill, in support of the relief originally prayed for. It can in no sense be considered as a new cause of action." (Id. at 489, 8 S.Ct. at 1199) The same can be said for the new matter here.

In 1913, in Missouri, Kansas & Texas Railway Company v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, a widow brought an action in her individual capacity to recover damages by reason of the death of her son. Such action was maintainable only by the duly appointed personal representative of the decedent. The Court held that she could, by a supplemental complaint, show that she had been appointed such representative, even though the pleading was filed, and her appointment occurred, after the statute of limitations had run on the claim. The

Court treated the amended or supplemental pleading as relating back to the time when the original complaint was filed, so as to prevent the running of the statute of limitations.

In Tiller v. Atlantic Coast Line Railroad Company, 1945, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465, an action had once been tried and the judgment reversed and the matter remanded for a new trial. After the statute of limitations would normally have run, the plaintiff sought permission to amend the complaint to allege a violation of the Boiler Inspection Act, although this had not been alleged in the original complaint. The Court held that the amendment was proper under rule 15(c) quoted above. It pointed out that both the original and the amended complaint related to the same general conduct, transaction and occurrence, which involved the death of the decedent, and that there was no reason to apply the statute of limitations because the defendant had notice from the beginning that the plaintiff was trying to enforce a claim arising against the defendant because of the events leading up to the death of the decedent. In our case there can be no question that, throughout, the contractor and his surety have had notice as to the nature of the claim that the appellee was seeking to enforce.

In Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770, the Court held, in substance, that the three-year limitation applicable to actions under the Federal Employers' Liability Act was a statute of limitations, not a condition to suit, and that consequently fraud on the part of the defendant would extend the period within which the action could be brought. This case, we think, is in marked contrast to the attitude of the court in The Texas Portland Cement Company case, supra.

In Foman v. Davis, 1962, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222, a notice of appeal was premature because a motion to vacate the judgment and permit an amendment to the complaint was pending. Following denial of the motion a second notice of appeal was filed, but it purported to appeal only from the order of denial of the motion. The Supreme Court held that it was error to refuse to treat the two notices together, thereby permitting appellant to attack the judgment. It also held that it was error to deny leave to file the amended complaint. In so doing it used the following language:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' Conley v. Gibson, 355 U.S. 41, 48 [78 S.Ct. 99, 103, 2 L.Ed.2d 80]. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1." (Id. at 181–182, 83 S.Ct. at 230)

We think the correct result is foreshadowed in the foregoing decisions of the Supreme Court, and also in the decisions of this court and of other Courts of Appeals. In United States for Use of Atkins v. Reiten, 9 Cir., 1963, 313 F.2d 673, an action under the Miller Act was commenced before the expiration of the ninety-day period mentioned in 40 U.S.C. § 270b(a). However, within the year mentioned in subdivision (b) of that statute, an amended complaint was filed alleging that the ninety days had then elapsed. We stated that because the amended complaint stated facts occurring after the original complaint was filed, it should be treated as a supplemental complaint authorized by Rule 15(d), rather than as an amendment. We refused to apply the doctrine of relation back so as to defeat the action because to do so would be entirely inconsistent with the remedial purpose of Rule 15. Under that decision, if the supplemental complaint had been filed in this case within the year, the action could not have been dismissed

In United States for Use of E. E. Black Limited v. Price-McNemar Construction Co., 9 Cir., 1963, 320 F.2d 663, an action under the Miller Act was not commenced within the year specified in section 270b(b). Relying on the case of Glus v. Brooklyn Eastern District Terminal, supra, we held that a sufficient showing of fraud had been made to estop the defendants from relying upon that one year limitation. Under Price-McNemar, then, the one year limitation is not a condition to the suit, but an ordinary statute of limitations.

Taking these two cases together, and regardless of whether the supplement to the complaint filed in the present action be considered an amendment to the complaint or a supplemental complaint, we think that the doctrine of relation back can properly be applied to prevent the one-year provision of subdivision (b) from barring the action, but that we are not required to apply the doctrine of relation back so literally as to carry it to a time within the ninety-day period specified in subdivision (a), so as to prevent the maintenance of the action in the first place.

If the supplement to the complaint be treated as filed under Rule 15(d), we can apply the doctrine of relation back, even though that rule does not mention it, under such cases as Jenkins and Wulf, supra. If it be treated as an amendment, to which Rule 15(c) applies, then such cases as Foman teach us not to apply Rule 15(c) so literally as to defeat a decision on the merits.

We suggest that the following decisions of other Courts of Appeals, while not directly in point, support, in principle, the views that we here express: Ruckman & Hansen, Inc. v. Contracting and Material Co., 7 Cir., 1964, 328 F.2d 744; Russell v. New Amsterdam Casualty Company, 8 Cir., 1962, 303 F.2d 674; M. W. Zack Metal Company v. The S.S. Birmingham City, 2 Cir., 1961, 291 F.2d 451; United States v. Russell, 1 Cir., 1957, 241 F.2d 879.

Affirmed.