UNITED STATES of America for the Use of CELANESE COATINGS COMPANY, Appellee,

v.

Duane GULLARD, d/b/a United Paint Company (Defendant), and Fireman's Fund American Insurance Companies (Defendant and Appellant), Defendant-Appellant,

v.

Richard V. McNAIR, Third-Party Defendant.

No. 74–1103.

United States Court of Appeals, Ninth Circuit.

Oct. 17, 1974.

---

Bruce E. Gagnon (argued), Atkinson, Conway, Young, Bell & Gagnon, Anchorage, Alaska, for defendant-appellant.

Richard F. Lytle (argued), Houston & Lytle, Anchorage, Alaska, for appellee.

Before BROWNING, ELY and GOODWIN, Circuit Judges.

## OPINION

ELY, Circuit Judge:

Fireman's Fund American Insurance Companies (hereinafter Fireman's Fund), a surety, appeals from a summary judgment against it. Its principal, Duane Gullard, also suffered an adverse judgment, but he has not appealed. The action arose under the Miller Act, 40 U. S.C. §§ 270a–270e.

Contracting in 1969 to maintain the fuel storage tanks at Eielson Air Force Base, Alaska, Gullard furnished the Government with a payment bond for the protection of his laborers and materialmen as required by 40 U.S.C. § 270a.

Fireman's Fund was the bonding company. Subsequently, Gullard's subcontractor, Richard V. McNair, purchased paint for the storage tanks from Celanese Coatings Company (hereinafter Celanese), the appellee. When the paint was delivered, however, McNair claimed that it was defective and refused to pay Celanese the purchase price of $19,638.-25.

Celanese filed this 40 U.S.C. § 270b action against Gullard and Fireman's Fund on July 7, 1971, and the defendants thereafter filed a third party complaint against McNair, alleging that he had been paid the full amount due under his subcontract, an amount that was to cover the cost of paint for the storage tanks. Celanese did not allege that it had delivered any of the paint to McNair within twelve months before Celanese filed its action, as required by 40 U.S.C. § 270b. The defendants did not plead the limitation period in defense. Finding no genuine factual issues in dispute, the District Court entered a preliminary summary judgment in favor of Celanese.

■ Shortly thereafter, Fireman's Fund filed a motion to reconsider and vacate the preliminary judgment and a motion for entry of summary judgment in its favor. Its motions were supported with an affidavit from McNair stating that the last delivery of the Celanese paint had arrived at the Alaska job site in May, 1970, more than one year before Celanese filed its action. Celanese did not controvert or in any other way respond to McNair's affidavit; therefore, there was no factual dispute before the District Court as to when the last of the paint was supplied.[1] *See* Fed.R.Civ.P. 56(e). Nevertheless, the Court denied the motions filed by Fireman's Fund on the grounds that the defendants had waived the one year statute of limitations by failing to plead it as an affirmative defense before the Court entered preliminary judgment, and that the preliminary judgment was res judicata as to issues concerning the Court's jurisdiction. Ultimately, after the parties stipulated to entry of judgment on the third party complaint,[2] the Court entered final judgment for Celanese against Gullard and Fireman's Fund, and for Gullard and Fireman's Fund against the third party defendant McNair. This appeal followed.

■ Congress enacted the Miller Act to protect persons supplying labor and materials for public works against failures of prime contractors to pay, but the Act's protections are conditional. *See* United States ex rel. Bailey v. Freethy, 469 F.2d 1348 (9th Cir. 1972). The Act specifically provides that no suit may be commenced under its provisions after "expiration of one year after the day on which the last of the labor was performed or material was supplied . . . ." 40 U.S.C. § 270b(b). If a use plaintiff fails to allege in his pleadings or show in his proof that his action is timely, the defendant should raise the issue immediately so as to speed disposition of the case; however, if the defendant fails to do so, he does not waive the limitation's protection. As an integral part of the statute creating the remedy, the one year limitation in 40 U.S.C. § 270b is jurisdictional. Compliance with the limitation period is a condition precedent to maintaining an action under that section. *See, e.g.,* United States ex rel. Wrecking Corp. of America v. Edward R. Marden Corp.,

1. We further pursued the date of delivery question on appeal. During oral argument, inquiry was made of counsel for Celanese whether, in the event of remand, it could be proved that Celanese supplied materials within the twelve months period prior to the date when the suit was instituted. He declined to state that any such proof could be adduced.

2. McNair's stipulation to entry of judgment against him in favor of Fireman's Fund on the third-party complaint obviously should be read as conditional upon the surety's continued liability to Celanese under the District Court's earlier preliminary judgment, which judgment, in its final form, we hereinafter reverse.

406 F.2d 525 (1st Cir. 1969); United States ex rel. Dover Elevator Co. v. General Ins. Co. of America, 339 F.2d 194 (6th Cir. 1964); United States ex rel. Soda v. Montgomery, 253 F.2d 509 (3d Cir. 1958).

 The entry of preliminary judgment did not bar consideration or application of the 40 U.S.C. § 270b(b) time limitation, a jurisdictional requirement that may be raised at any time, even for the first time on appeal. *See* United States ex rel. Soda v. Montgomery, 253 F.2d 509 (3d Cir. 1958); Fed.R.Civ.P. 12(h)(3).

 Celanese also argues that Fireman's Fund, as a mere surety, has no standing to maintain this appeal since Gullard, the principal, has not appealed. We have concluded that this contention has no merit whatsoever. Stovall v. Banks, 77 U.S. (10 Wall.) 583, 19 L.Ed. 1036 (1870), upon which Celanese relies, involved the effect in a collateral action against a surety of a judgment rendered against his principal and is, consequently, inapposite to such a direct attack on the judgment against an appellant as we have here. Fireman's Fund was a party in the District Court, and it was aggrieved by the Court's judgment. There is no bar to its appeal. *See generally* 5B C.J.S. Appeal and Error § 1921 at 417 (1958).

Having failed to allege or establish that it supplied materials within the prescribed one year period before it filed its suit, Celanese cannot succeed against the Miller Act surety. Accordingly, the District Court's judgment for Celanese against Fireman's Fund is reversed; and upon remand, the complaint against Fireman's Fund will be dismissed.[3] Since the District Court's

judgment for Fireman's Fund against the third party defendant McNair is predicated on the liability of Fireman's Fund to Celanese, it is also reversed; and upon remand, the surety's third party complaint will also be dismissed.[4]

Reversed and remanded, with instructions.

---

3. The District Court also rendered its judgment for Celanese against Gullard pursuant to a finding of jurisdiction under 40 U.S.C. § 270b. That judgment, too, may be void because of Celanese's failure to show that it brought its suit within the statute's one year limitations period. But Gullard has not appealed, and the validity of the judgment against him is not now before us.

4. The District Court's judgment against McNair in favor of Fireman's Fund for $2,000 in attorney's fees was founded upon the stipulation of McNair, who has not appealed; hence, that judgment is not affected by the disposition of this appeal.