130 F.3d 440
 42 Cont.Cas.Fed. (CCH) P 77,212, 97 Cal. Daily
Op. Serv. 9111,
97 Daily Journal D.A.R. 14,711
UNITED STATES of America, for the use and benefit of McAMIS
INDUSTRIES OF OREGON, INC., Plaintiff-Appellee,
v.
M. CUTTER COMPANY and Indemnity Company of California,
Defendants-Appellants.
 Nos. 96-35776, 96-35846.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.
Decided Dec. 5, 1997.
 
 E. Joseph Dean, Stoel Rives LLP, Portland, OR, for defendants-appellants.
 H. Lee Cook, John Spencer Stewart, Stewart, Sokol & Gray, Portland, OR, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding. D.C. No. CV-95-446-HJF.
 Before: JOHN T. NOONAN, Jr. and HAWKINS, Circuit Judges, and MERHIGE,* District Judge.
 NOONAN, Circuit Judge.
 
 
 1
 On April 10, 1995 McAmis Industries of Oregon, Inc. brought suit under the Miller Act against M. Cutter Company for a sum due for the use of its two barges by Cutter. The barges were actually returned by Cutter on June 29, 1995. The district court awarded McAmis not only the sum due on April 10, 1995 but also the sum due for the rent of the barges through June 29, 1995.
 
 
 2
 On this appeal Cutter contends that under the Miller Act suit may only be brought for the amount "unpaid at the time of institution of such suit," 40 U.S.C. § 270b, and that, consequently, there could be no award for the period between April 10 and June 29. This contention presents a variant of the argument considered and rejected by us over 30 years ago in Security Insurance Company of New Haven v. United States ex rel. Haydis, 338 F.2d 444 (9th Cir.1964).
 
 
 3
 In Security Insurance a Miller Act complaint was filed less than 90 days after the last day on which material was supplied, so that the action was premature under the 90 day requirement of 40 U.S.C. § 270b(a). The plaintiff filed a supplementary complaint more than one year after the date on which the last material was supplied, thereby apparently being too late to meet the one year statute of limitations set by § 270b. Writing for the court, Judge Duniway characterized the defense based on these apparent deficiencies as "one of those 'neat' questions which delight legal technicians, but have nothing to do with the merits of the case." Id. at 445. He held that the doctrine of relation back would properly be applied to prevent the one year statute of limitations from barring the action but that the doctrine was not required to be applied so literally as to carry it to a time within the 90 day period preventing the maintenance of the action in the first place. In words that are still resonant and relevant he wrote: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." Id. at 448 (quoting Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 228, 9 L.Ed.2d 222 (1962)).
 
 
 4
 The Miller Act itself provides that the suit filed for a sum unpaid at the time of institution may be prosecuted "to final execution and judgment for the sum or sums justly due." 40 U.S.C. § 270b (West 1997). It would be entirely contrary to the purpose of the Miller Act and the spirit of the federal rules to hold that the plaintiff should have filed a new suit to obtain the money that by June 29 was due it.
 
 
 5
 Simultaneously with this opinion we file a memorandum disposition disposing of the other contentions of Cutter.
 
 
 6
 Affirmed.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation