**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES FOR THE USE AND
BENEFIT OF AIR CONTROL
TECHNOLOGIES, INC.; AIR CONTROL
TECHNOLOGIES, INC., a California
corporation,

*Plaintiffs-Appellants*,

v.

PRE CON INDUSTRIES, INC., a
California corporation; FIRST
NATIONAL INSURANCE COMPANY OF
AMERICA, a Washington
corporation,

*Defendants-Appellees*.

No. 11-56230

D.C. No.
2:11-cv-02281-
PA-SS

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
April 12, 2013—Pasadena, California

Filed June 28, 2013

Before: Milan D. Smith, Jr. and Mary H. Murguia, Circuit
Judges, and Jack Zouhary, District Judge.[*]

Opinion by Judge Murguia

---

## SUMMARY[**]

---

### Miller Act

The panel vacated the district court's order dismissing as
time-barred a subcontractor's complaint alleging federal
question jurisdiction over a claim under the Miller Act, which
requires that a general contractor on a federal construction
project furnish a payment bond for the protection of all
persons supplying labor and material on the project.

Overruling *United States ex rel. Celanese Coatings Co. v.
Gullard*, 504 F.2d 466 (9th Cir. 1974), as clearly
irreconcilable with intervening higher authority, the panel
held that the Miller Act's statute of limitations is a claim-
processing rule, not a jurisdictional requirement.

The panel held that because nothing on the face of the
complaint indicates the subcontractor did not work on the
project or rent equipment to the general contractor within one
year of the date the complaint was filed, the complaint could

---

[*] The Honorable Jack Zouhary, District Judge for the U.S. District Court
for the Northern District of Ohio, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

not have been dismissed if the district court had treated the Miller Act's statute of limitations as a claim-processing rule. The panel remanded for further proceedings.

## COUNSEL

Francis Lanak and Colin McCarthy (argued), Lanak & Hanna, P.C., Orange, California, for Plaintiffs-Appellants.

Scott Robert Baker, Law Offices of Scott R. Baker, Grover Beach, California, for Defendants-Appellees.

## OPINION

MURGUIA, Circuit Judge:

The Miller Act requires that a general contractor on a federal construction project furnish a payment bond "for the protection of all persons supplying labor and material" on the project. 40 U.S.C. § 3131(b)(2). Any person who has supplied labor or material on the project may bring a civil action on the payment bond against the general contractor, *see* 40 U.S.C. § 3133(b)(1), but the action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action," 40 U.S.C. § 3133(b)(4).

Air Control Technologies brought this suit under the Miller Act against Pre Con Industries and First National Insurance Company of America. Relying on *United States ex rel. Celanese Coatings Co. v. Gullard*, 504 F.2d 466 (9th Cir. 1974), where this court held that the Miller Act's one-year

statute of limitations is a jurisdictional requirement, the district court dismissed Air Control Technologies's complaint for lack of subject matter jurisdiction. We overrule *Celanese Coatings* because it is clearly irreconcilable with intervening higher authority, vacate the district court's dismissal of Air Control Technologies's complaint, and remand for further proceedings.

## I.   Background[1]

Pre Con Industries ("PCI") was the general contractor on a construction project for the United States Veterans Administration, and subcontracted Air Control Technologies ("ACT") to work on the project's heating, ventilation, and air conditioning ("HVAC") systems.  Pursuant to its obligations under the Miller Act, PCI and its surety, First National Insurance Company of America ("FNIC"), furnished a payment bond for the project.

ACT began working on the project in December 2008, and shortly thereafter encountered conditions on the job site that made the work more expensive than anticipated.  PCI fired ACT in November 2009 when ACT demanded reimbursement for its unanticipated costs.  ACT then offered to allow PCI to rent ACT's equipment for use on the project, and PCI accepted the offer.

On March 14, 2011, ACT filed a complaint against PCI and FNIC in the Central District of California, alleging: (1) PCI breached both the original HVAC-service contract and

---

[1] At this stage in the litigation, we accept Air Control Technologies's version of the facts. *N. Cnty. Cmty. Alliance, Inc. v. Salazar*, 573 F.3d 738, 741–42 (9th Cir. 2009).

the equipment-rental contract; (2) PCI owed ACT money in quantum meruit for the HVAC services; and (3) a claim for recovery on the payment bond under the Miller Act. The complaint alleged the district court had federal question jurisdiction over the Miller Act claim and supplemental jurisdiction over the state law claims.

Defendants filed a 12(b)(1) motion to dismiss ACT's complaint for lack of subject matter jurisdiction. An action under the Miller Act "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action," 40 U.S.C. § 3133(b)(4), and in *Celanese Coatings Co.*, 504 F.2d at 468–69, this court held that the Miller Act's statute of limitations is a jurisdictional requirement. As is proper with a factual attack in a 12(b)(1) motion, Defendants submitted materials outside the pleadings that they claimed demonstrated ACT's complaint was untimely. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The district court agreed, finding that ACT (1) performed no labor on the federal project after November 2009, and (2) failed to demonstrate that it supplied any materials pursuant to the equipment-rental contract for use on the federal project within one year of filing the complaint. *See United States ex rel. Pippin v. J.R. Youngdale Constr. Co.*, 923 F.2d 146, 149–50 (9th Cir. 1991). Citing *Celanese Coatings*, the district court dismissed ACT's complaint for lack of subject matter jurisdiction. ACT timely appealed.

## II.  Discussion

### A.  The Miller Act's Statute of Limitations

There is an intra-circuit split as to the effect of a plaintiff's failure to meet the Miller Act's one-year statute of limitations.  In 1963, this court held the Miller Act's statute of limitations was not a jurisdictional requirement, rejecting the argument that "the prescribed period is a condition precedent to recovery" under the Act.  *United States ex rel. E.E. Black Ltd. v. Price-McNemar Constr. Co.*, 320 F.2d 663, 665–66 (9th Cir. 1963).  Eleven years later, however, this court held that the Miller Act's statute of limitations is a jurisdictional requirement, stating that because it is "an integral part of the statute . . . [c]ompliance with the limitation period is a condition precedent to maintaining an action under" the Act.  *Celanese Coatings*, 504 F.2d at 468.

Ordinarily, intra-circuit splits may only be resolved by an en banc panel.  *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc).  But when intervening higher authority has "undercut the theory or reasoning underlying [] prior circuit precedent in such a way that the cases are clearly irreconcilable," *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), a three-judge panel may overrule one line of cases in the split, *see, e.g.*, *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 979 (9th Cir. 2012) (overruling Ninth Circuit cases holding "participant status" was a jurisdictional limitation on ERISA claims because those cases were "clearly irreconcilable" with intervening higher authority).  *Celanese Coatings* is clearly irreconcilable with intervening Supreme Court authority on jurisdictional requirements.

### 1.  Intervening Higher Authority

In recent years, the Supreme Court has sought to "bring some discipline" to use of the term "jurisdictional." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011).  As part of that effort, in *Arbaugh v. Y&H Corporation*, 546 U.S. 500, 516 (2006), the Court adopted a "readily administrable bright line" for distinguishing statutory limitations that are jurisdictional from those that are, instead, "claim-processing rules" that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," *Henderson*, 131 S. Ct. at 1203–04 (citations omitted).  The Court's bright line is that, unless Congress has "'clearly state[d]'" that the statutory limitation is jurisdictional, "'courts should treat the restriction as nonjurisdictional in character.'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013) (quoting *Arbaugh*, 546 U.S. at 515–16) (alterations in original).  Though Congress need not "incant magic words in order to speak clearly," there must be clear contextual evidence that "Congress intended a particular provision to rank as jurisdictional." *See id.* (citations omitted).

In this recent wave of discipline, the Supreme Court has repeatedly stated that filing deadlines are the "'quintessential claim-processing rules,'" *Auburn Reg'l*, 133 S. Ct. at 825 (citations omitted), and that this is true irrespective of how "important" the rule is and irrespective of whether the rule is phrased in "mandatory" language, *Henderson*, 131 S. Ct. at 1203; *Arbaugh*, 546 U.S. at 510 (2006) ("[T]ime prescriptions, however emphatic, are not properly typed 'jurisdictional'" (internal quotation marks omitted)).  Thus, the presumption against labeling statutory requirements

"jurisdictional" is at its zenith in the case of filing deadlines such as the Miller Act's statute of limitations.

## 2. Clearly Irreconcilable

*Celanese Coatings* contains a one-sentence rationale for holding that the Miller Act's statute of limitations is a jurisdictional requirement: it is "an integral part of the statute." 504 F.2d at 468. This rationale squarely conflicts with the Supreme Court's recent admonition that the "importan[ce]" of a statutory requirement is not the proper focus of a jurisdictional analysis. *See Henderson*, 131 S. Ct. at 1203 (citation omitted). Moreover, *Celanese Coatings* represents the sort of "drive-by jurisdictional ruling[]" the Supreme Court has held should be accorded "no precedential effect," *Arbaugh*, 546 U.S. at 511 (citations omitted), because it lacks a "close analysis" of the critical differences between jurisdictional and non-jurisdictional limitations on causes of action, *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1244 (2010); *see also Leeson*, 671 F.3d at 975 (drive-by jurisdictional rulings are those with a "cursory analysis").

A proper analysis of the Miller Act's statute of limitations makes clear that it is a claim-processing rule, not a jurisdictional requirement. As a statute of limitations, § 3133(b)(4) of the Miller Act is cloaked in a presumption of non-jurisdictional status that may be stripped only if there is an "exceptional" reason for doing so, *Auburn Reg'l*, 133 S. Ct. at 825 (citations omitted), and the relevant factors all indicate there is nothing exceptional about § 3133(b)(4). It is, instead, a "run-of-the mill statute of limitations." *See Holland v. Florida*, 130 S. Ct. 2549, 2561 (2010).

For one, § 3133(b)(4) "does not speak in jurisdictional terms." *Auburn Reg'l*, 133 S. Ct. at 824 (internal quotation marks omitted). Neither the word "courts" nor "jurisdiction" appears in the section, which implies that § 3133(b)(4) is "a restriction on the rights of plaintiffs to bring suit, rather than [] a limitation on the power of the federal courts to hear the suit." *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 869 (9th Cir. 2011) (en banc).

Nor is § 3133(b)(4) located in a provision granting federal courts jurisdiction over Miller Act claims. *See Reed Elsevier*, 130 S. Ct. at 1245–46. Federal courts have subject matter jurisdiction over Miller Act claims pursuant to 28 U.S.C. § 1331, and § 1331 does not "condition[] its jurisdictional grant" on whether the plaintiff files his claim within the one year limitations period in § 3133(b)(4) of the Miller Act. *See id.* at 1246.

There is also not a "century's worth of precedent and practice in American courts" holding that the Miller Act's statute of limitations is a jurisdictional requirement. *See Auburn Reg'l*, 133 S. Ct. at 825 (internal quotation marks omitted). Since *Arbaugh*, the Supreme Court has twice held, despite the presumption against it, that a filing deadline was jurisdictional, *see Bowles v. Russell*, 551 U.S. 205, 208 (2007) (notice of appeal); *John R. Sand & Gravel v. United States*, 552 U.S. 130, 133 (2008) (statute of limitations for suits filed in the Court of Federal Claims), but both decisions hinged on the fact that the Supreme Court itself had long held those deadlines were jurisdictional, *Bowles*, 551 U.S. at 210–12 (cases dating back to 1848); *John R. Sand & Gravel*, 552 U.S. at 134 (cases dating back to 1883); *see also Reed Elsevier*, 130 S. Ct. at 1250–51 (Ginsburg, J., concurring) (explaining *Bowles* and *John R. Sand & Gravel* in light of

*Arbaugh*'s bright line rule). In contrast, the Supreme Court has never held that the Miller Act's statute of limitations is a jurisdictional requirement, nor is there uniformity among the circuit courts on the issue. *See Highland Renovation Corp. v. Highland Ins. Grp.*, 620 F. Supp. 2d 79, 81–82 (D.D.C. 2009) (compiling cases).

Lastly, the Miller Act "was intended to be highly remedial," and the Supreme Court has stated that courts must construe the Miller Act's provisions with this highly remedial purpose in mind. *Fleisher Eng'g & Constr. Co. v. United States ex rel. Hallenbeck*, 311 U.S. 15, 17–18 (1940). It is unlikely Congress intended the Miller Act's statute of limitations to be a jurisdictional requirement given the Act's highly remedial purpose. *See Henderson*, 131 S. Ct. at 1202–05 (in analyzing a filing deadline for an appeal to the Veteran's Court, noting that, given "the solicitude of Congress for veterans," Congress would not have intended the filing deadline at issue to be jurisdictional due to the potentially "drastic" consequences of such a label).

Because *Celanese Coatings* is clearly irreconcilable with intervening higher authority, we overrule it and hold the Miller Act's statute of limitations is a claim-processing rule, not a jurisdictional requirement.

## B. Remand

The question remains whether the district court could have properly dismissed ACT's complaint on a 12(b)(6) motion had it treated the Miller Act's statute of limitations as a procedural requirement rather than a jurisdictional requirement. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995). A claim may be dismissed as

untimely pursuant to a 12(b)(6) motion "only when the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009) (internal quotation marks omitted); *Supermail*, 68 F.3d at 1207 (a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"). Because nothing on the face of ACT's complaint indicates ACT did not work on the project or rent equipment to PCI within one year of the date it filed the complaint, the complaint could not have been dismissed if the district court had treated the Miller Act's statute of limitations as a claim-processing rule. Consequently, the district court's order of dismissal must be vacated and the case remanded for further proceedings. *Supermail*, 68 F.3d at 1209.

## III.    Conclusion

The Miller Act's statute of limitations is a claim-processing rule, and ACT's complaint would have survived a 12(b)(6) motion. Therefore, the district court's order of dismissal is vacated, and the case is remanded for further proceedings.

**VACATED and REMANDED.**