**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


JOAQUIM FINATO,

 Plaintiff-counter-
 defendant-Appellant,

 v.

KEITH ALLEN FINK; SARAH
HERNANDEZ,

 Defendants-Appellees,

KEITH FINK AND ASSOCIATES,

 Defendant-counter-claimant-
 Appellee.

No. 18-55044

D.C. No.
2:16-cv-06713-RGK-AJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 12, 2019
Submission Vacated July 3, 2019
Resubmitted February 14, 2020
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Joaquim Finato appeals the district court's decisions on a series of claims he brought against Keith A. Fink & Associates ("KFA") based on KFA's representation of him in a suit against his former employer. The parties are familiar with the facts so we do not repeat them here. Finato filed a complaint claiming malpractice, breach of contract, breach of fiduciary duty, intentional interference with contractual and economic relations, restitution, and declaratory relief. KFA countersued for breach of contract and brought a quantum meruit claim for services rendered. The court dismissed all of Finato's claims under Federal Rule of Civil Procedure 12(b)(6) except his breach of contract and declaratory relief claims. The parties filed cross-motions for summary judgment, and the court rejected Finato's remaining breach of contract and declaratory relief claims, along with KFA's breach of contract claim. Prior to trial, Finato moved for sanctions against KFA for failing to provide computation of its damages in its initial disclosures as required by Rule 26(a)(1)(iii), which the court denied. Despite Finato's demand for a jury trial, the district court conducted a bench trial on the remaining quantum meruit claim. The one-day trial addressed only the amount of fees owed, and following trial, the court granted KFA attorneys' fees of $22,250.

On appeal, Finato argues that the district court erred by (1) finding that KFA met its burden of proof on the quantum meruit claim; (2) denying Finato's motion for Rule 37 sanctions; (3) granting KFA summary judgment on his breach of contract and declaratory relief claims; (4) dismissing his malpractice, restitution, and breach of fiduciary and contractual duties claims without leave to amend; (5) finding his malpractice and breach of fiduciary duty claims time-barred; (6) finding his intentional interference with contract claim barred by litigation immunity; and (7) rejecting Finato's request for a jury trial on the quantum meruit claim.

**1.** The district court did not err by finding that KFA met its burden of proof on its quantum meruit claim. We review whether a party met its burden of proof for clear error. *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017). We apply California law to the merits of a quantum meruit claim when sitting in diversity. *See Simler v. Conner*, 372 U.S. 221, 222 (1963). Under California law, to succeed on a quantum meruit claim, a party must show (1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid. *Haggerty v. Warner*, 252 P.2d 373, 377 (Cal. Ct. App. 1953). KFA established that it completed legal work for Finato on his claim against his

3

employer, at his request. KFA also presented testimony regarding the hours worked, the fees charged, and how it benefitted Finato's case against his former employer. The court properly weighed the facts in finding that KFA met its burden of proof, and thus we do not have "a definite and firm conviction that a mistake has been committed." *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 576 (9th Cir. 1995) (citation omitted).[1]

**2.** The district court did not err by denying Finato's motion for Rule 37 sanctions. We review a district court's decision on "the imposition of discovery sanctions under Rule 37 for abuse of discretion," *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985), giving "particularly wide latitude to the district court's discretion," *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Under Rule 26(a)(1)(A)(iii), a party must provide in its initial disclosures "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection . . . the documents or other evidentiary material . . . on which each computation is based." If it does not, the party may be subject to Rule 37 sanctions, "unless the failure to disclose is

---

[1] Finato also argues the court should have dismissed KFA's quantum meruit claim because it did not file a separate action to establish the lien and amount. However, this is not grounds for dismissal, *see Little v. Amber Hotel Co.*, 136 Cal. Rptr. 3d 97, 109 (Ct. App. 2012), and the quantum meruit claim in this case satisfied that requirement.

'substantially justified or harmless.'" *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019) (quoting Fed. R. Civ. P. 37(c)(1)).

Finato moved for sanctions on the ground that KFA provided no notice of its claimed fees or how they were computed in its Rule 26 disclosures, but instead presented them for the first time at trial. KFA's Rule 26 disclosures were brief and not at all detailed. But if Finato believed the computations needed to be more specific, he should have filed a motion to compel, not a Rule 37 motion for sanctions. *Cf. Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (finding the defendants' Rule 37 motion was, "in essence, a motion to compel discovery from plaintiffs," and thus any "failure to obtain the requested documents [was] due to [defendants'] own lack of diligence" in not filing a motion to compel). In addition, Finato signed the final pretrial order, which explicitly stated that "[a]ll disclosures under [Rule] 26(a)(3) have been made." Even if KFA violated Rule 26, any failure to disclose was harmless. The court had all the evidence before it at trial, including KFA's estimates and the witnesses' testimonies regarding the hours they worked, and Finato failed to show how not having this information prior to trial harmed his case. Thus, the district court did not abuse its discretion in denying Finato's Rule 37 motion for sanctions.

**3.** The district court did not err by granting summary judgment to KFA on Finato's breach of contract and declaratory relief claims. We review a district court's decision on a motion for summary judgment de novo. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). First, Finato argues that the court erred in finding that KFA did not assert a lien on fifty percent of the individual settlement. The only evidence supporting this assertion is his and his wife's testimony that KFA orally told them it wanted fifty percent of the contingency fee. However, this testimony is directly contradicted by the notice of lien itself, which stated that KFA asserted the lien "pursuant to the parties['] written contract to pay attorneys' fees," with no mention of the contingency fee. Second, Finato argues the court erred in finding that KFA did not abandon him. This is directly contradicted by his complaint, in which he stated, "[p]laintiff terminated the attorney–client relationship."

**4.** The district court did not err in dismissing without leave to amend Finato's claims of malpractice, restitution, and breach of fiduciary and contractual duties. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Finato's claims rest on allegations that KFA entered into a "collusive" settlement

agreement, "simultaneously represent[ed] two clients with diametrically opposed legal and pecuniary interests," released and superseded his claims, and sought fifty percent of Finato's individual settlement. Finato provides no evidence showing that the class settlement agreement was "collusive." The record shows that it was a beneficial settlement to the class plaintiffs. In addition, while KFA represented both Finato and the class, they had the same legal and pecuniary interest in the settlement. Finato chose to opt out of the settlement, and retained new counsel when he did; at no point did KFA represent two parties with "diametrically opposed" interests. Lastly, KFA's lien did not breach any fiduciary or contractual duty—KFA did not seek fifty percent of the individual settlement, but rather only the reasonable value of its services, which did not breach the contract. Finato argues he should be allowed to amend his complaint to provide "further elaboration of the grounds for asserted damages," but he does not explain how he would do so—nor could he without directly contradicting the facts he already alleged. Finato's claims cannot be saved by any amendment, and the district court did not err in dismissing them without leave to amend.

**5.** The court did not err in finding that Finato's malpractice and breach of fiduciary duty claims were barred by the one-year statute of limitations.[2] Cal. Civ. Proc. Code § 340.6(a). We review a motion to dismiss under Rule 12(b)(6) de novo. *Baker v. McNeil Island Corr. Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988). "[T]he one-year limitations period that commences when the plaintiff actually or constructively discovers the attorney's wrongful act or omission is no longer tolled after the plaintiff sustains actual injury, i.e., when the plaintiff can plead a legal malpractice cause of action." *Jordache Enters., Inc. v. Brobeck, Phleger & Harrison*, 958 P.2d 1062, 1069 (Cal. 1998). The district court explained that any harm from Finato's alleged "loss of his wrongful termination claim and representative status" and "the cost of additional litigation to enforce the Individual Settlement" occurred, at the latest, when he reached the individual settlement on July 1, 2015. He filed his malpractice and breach of fiduciary duty claims over a year later, on September 7, 2016.

Finato asserts that the injury did not occur until the state court "refus[ed] to enforce the terms of the 2015 settlement agreement." This argument is foreclosed

_____

[2] Finato also argues it is improper to dismiss a claim on statute-of-limitations grounds under Rule 12(b)(6), because it is an affirmative defense. This is incorrect; a court may address a statute-of-limitations defense when ruling on a 12(b)(6) motion. *See U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013).

by *Jordache Enterprises*, in which the California Supreme Court explained that "[t]here is no requirement that an adjudication or settlement must first confirm a causal nexus between the attorney's error and the asserted injury." *Id.* at 1071. Rather, the statute of limitations begins whenever there is "injury or harm recoverable in a legal malpractice action." *Id.* at 1080. In *Jordache Enterprises*, the plaintiff had a cause of action when he discovered the firm's negligence—not when he received a final settlement in the case. *Id.* at 1073. Here, Finato alleges that his injury was caused by the cost of additional litigation to recover his individual claim, of which he was well aware when he entered his individual settlement. At that point his alleged injury was no longer "speculative or inchoate," and he had a claim for actual damages. *See id.* at 1066.

**6.** The district court did not err by finding that the litigation privilege barred Finato's interference with contractual relations claim under California Civil Code § 47(b). The California Supreme Court explained in *Silberg v. Anderson*, 786 P.2d 365, 371 (Cal. 1990) (en banc), that "[t]he only exception to application of [§ 47(b)] to tort suits" is "for malicious prosecution actions"—not interference with contractual relations, which Finato is claiming here. More specifically, in *Olszewski v. Scripps Health*, 69 P.3d 927, 950 (Cal. 2003), the California Supreme Court explained that "the assertion of liens as authorized by validly enacted

9

California statutes is shielded by the litigation privilege." Although KFA's right is not directly prescribed by statute like in *Olszewski*, KFA "undoubtedly had a legal right to assert the liens" based on its implied contract with Finato. *Id.* Therefore, the district court did not err by finding the claim barred by the litigation privilege.

**7.** The district court did not violate Finato's Seventh Amendment rights by holding a bench trial. Regardless of whether a quantum meruit claim is legal or equitable, the trial concerned only the reasonable amount of attorneys' fees, which is an equitable claim that does not carry a Seventh Amendment right to a jury trial. *See Hale v. U.S. Tr.*, 509 F.3d 1139, 1147 (9th Cir. 2007); *Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976).

**AFFIRMED.**